■ In the Matter of LINCOLN PLAZA TENANTS CORP., Appellant-Respondent, v DAVID N. DINKINS, as President of the Borough of Manhattan, Respondent, and PETER S. KALIKOW et al., Respondents-Appellants.—Order and Judgment (one paper), Supreme Court, New York County (Norman Ryp, J.), entered on November 29, 1989, which *inter alia,* dismissed the CPLR article 78 petition as against respondent David N. Dinkins, as President of the Borough of Manhattan unanimously affirmed, without costs.

Petitioner Lincoln Plaza Tenants Corp., a cooperative corporation which owns and operates a building known as Lincoln Plaza Towers located at 44 West 62nd Street, New York, commenced the underlying article 78 proceeding against the Borough President and the principal owner, developer and managing agents of "Chequers", a high-rise rental apartment building located immediately to the east of the petitioner's building, seeking to annul the designation by the Borough President of "62 West 62nd Street" as Chequers' street address.

Initially, we find that the petitioner's order to show cause was jurisdictionally defective in that it did not specify the time and place of the hearing on the petition nor request any relief as against the Borough President, the proper party respondent to the underlying article 78 proceeding, thereby requiring dismissal of the petition as against the Borough President. *(Matter of Common Council v Town Bd.,* 144 AD2d 90; *Matter of New York State Rest. Assn. v Board of Stds. & Appeals,* 38 Misc 2d 1023, *affd* 19 AD2d 912.)

In any event, the assignment of 62 West 62nd Street, as an out-of-sequence address, was a rational exercise of the Borough President's discretion and was not an error of law, a violation of lawful procedure or an abuse of discretion, since it has repeatedly been held that the Borough President has full

and final authority to make all determinations concerning designation of street addresses *(Matter of Irving Trust Co. v President of Borough of Manhattan,* 47 NY2d 818, 819; *Bacon v Miller,* 247 NY 311). Moreover, Administrative Code of the City of New York §§ 3-506 and 3-507, governing the numbering and renumbering of street addresses by the Borough President, do not require that internal street numbering for each block must be in sequential or continuous order, but rather merely denominate 5th Avenue as the dividing line between East and West and direct that the numbering of streets commence at 5th Avenue, in increments of 100 at each intersection.

We have reviewed petitioner's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach and Asch, JJ.