OPINION OF THE COURT
Edward J. Greenfield, J.
One who attempts to commence an action just before the last grains of sand run out on the Statute of Limitations had better take pains to be sure there are no lurking defects in the procedure employed to acquire jurisdiction, for a failure to take care may be fatal to the plaintiff’s rights. That is the moral pointed up by the facts in this case.
From what can now be ascertained from a complaint dated April 23, 1991, on December 22, 1987, plaintiff, a construction worker, sustained personal injuries while doing sandblasting at 354 Broome Street in the County of New York. Defendant Elizabeth Broome Realty Corp. was the owner of the premises, defendant TFZ Architects, sued herein as Tudda, Scherer & Zborowski, P. C., were the architects on the job, and defendant Borrico was a contractor. As the Statute of Limitations for personal injuries would have expired after three years on December 22, 1990 (CPLR 214 [5]), plaintiff’s attorney attempted to make a timely interposition of the claim by filing a summons with the New York County Clerk (CPLR 203 [b] [5]) on December 21, 1990.
Given an additional 60 days for service on the defendants, a summons without a complaint annexed was served in January 1991 on the Elizabeth Broome Realty Corp. by service upon the Secretary of State, and then on defendants TFZ and Borrico. The Elizabeth Broome Realty Corp. has neither appeared nor moved against the complaint, but defendants TFZ and Borrico have each moved to dismiss the action on the ground that the summons was jurisdictionally defective, and the Statute of Limitations has expired. Plaintiff has cross-moved for default judgment for failure of defendants to appear or make a timely motion, or in the event of the granting of defendants’ motions, for a six-month extension within which to recommence the action.
CPLR 203 (b) (5) (i) provides that an action is commenced when (within New York City) "the summons” is filed with the County Clerk of the county "in which the defendant resides, is *788 employed or is doing business”, and then the summons “is served upon the defendant” within 60 days of when the Statute of Limitations would otherwise have expired. While a summons with notice was timely filed with the New York County Clerk, the selfsame summons was not served on the defendants. The summonses differed in several respects. The summons filed with the County Clerk gave “Edward S. Bosek, Esq. of 180 Maiden Lane” as the attorney for plaintiff, while the summonses served on defendants named “Edward S. Bosek c/o Perry Weitz.” The summons filed with the County Clerk gave the nature of the action as “labor law”; the summonses served on defendants gave it as “premises”. Each summons declared that “The relief sought is $5,000,000.” However, the summons filed with the County Clerk warned that in the event of default interest would be computed from December 22, 1987 while the summonses served on defendants declared interest would be sought from December 21, 1987.
While the variations might be considered trivial, and the result of less than meticulous or even sloppy practice, it is clear that the summonses served were not the same as "the summons” filed with the County Clerk. CPLR 203 (b) (5) (i) requires service of the same summons without deviation, not a summons which is “almost the same” or “essentially similar.” Certainly, where the summons filed and the summonses served differently set forth the nature of the action, there has been a failure to serve “the summons” as required. Service of a summons which differs from the one filed will not suffice.
The word “the” connotes the particular, distinctive and definite, and not a broad, imprecise, or generic type as embraced in the indefinite article "a.” When used after an earlier reference, “the” relates to “that spoken of or already mentioned”, an article “previously recognized, noticed or encountered.” (Webster’s Twentieth Century Dictionary [2d ed 1979].) ” ‘Grammatical niceties should not be resorted to without necessity; but it would be extending liberality to an unwarranted length to confound the articles “a” and “the”. The most unlettered persons understand that “a” is indefinite, but “the” refers to a certain object.’ ” (Black’s Law Dictionary 1324 [5th ed 1979].) The article “the” particularizes the subject which it precedes and is a word of limitation. (Brooks v Zabka, 168 Colo 265, 450 P2d 653.) It signifies identity with that previously mentioned. (Palmer v Kansas City, 248 SW2d 667, 670 [Mo].)
It should be abundantly clear, therefore, that “the sum *789 mons” served on a defendant must be the same as the previously referred to "summons * * * filed with the clerk” (CPLR 203 [b] [5]), and that the statute is not satisfied by the service of a summons bearing some similarity to the summons filed in some, or even many respects.
Even assuming, however, that service of a variation of the summons was inconsequential, or that the summonses were identical in all respects, they would still be considered defective by reason of plaintiff’s failure adequately to indicate the "nature of the action” as required by CPLR 305 (b). Where the complaint is not served with the summons, a "summons with notice” must be served which "shall contain or have attached thereto a notice stating the nature of the action and the relief sought.” (CPLR 305 [b].) The absence of such a notice in the summons, or such a defective or inadequate description of the nature of the action in the summons which fails to apprise the defendant of the essence of the claim is fatal to the action, for it fails to confer jurisdiction over a defendant and must be treated as a nullity. (Parker v Mack, 61 NY2d 114.) The Court of Appeals declared in Parker that the requirement for stating the nature of the action was "imperative” as a basis for jurisdiction.
Neither the summons filed with the New York County Clerk on December 21, 1990 which described the nature of the action as "labor law”, nor the summons actually served upon the defendants which describes the nature of the action as "premises” suffices to convey to a defendant the true nature of the action or even basic information concerning plaintiff’s claim, without which plaintiff acquires no jurisdiction over defendants. This is not merely defendants’ "distaste for plaintiff’s wording”, as plaintiff’s counsel attempts to characterize it. While broadly descriptive words such as "Automobile negligence” (Viscosi v Merritt, 125 AD2d 814); "negligence” (Rowell v Gould, Inc., 124 AD2d 995); "libel” (Esposito v Billings, 103 AD2d 956); "legal services” (Skidmore v Carr, 89 AD2d 600); and "Motor vehicle negligence” (Wagenknecht v Lo Russo, 121 Misc 2d 45) have been held to be sufficient descriptions of the nature of the action, each of the foregoing descriptions gives an abbreviated but adequate notice of the type of action out of which the claim arises. In fact, with the exception of the term "For legal services”, which is self-explanatory, each description sets forth a recognizable form of action. There is no cause of action for "labor law” or "premises”. Either cryptic designation could refer to a myriad number of different forms of *790 action. (Cf., Drummer v Valeron Corp., 154 AD2d 897 [where description of the nature of the action as "acts and omissions of the defendant * * * which were the proximate cause of the injuries and damages” was held not a sufficient description on which to predicate jurisdiction].) The types of actions involving "premises” could well encompass nuisance claims, environmental claims, Multiple Dwelling Law violations, trespass or landlord-tenant matters as well as negligence in the ownership or maintenance of a particular property. Thus, the word "premises” gives rise to guesses, but affords no real clue as to the true nature of the action. Similarly, the term "labor law” covers many different kinds of actions. It could refer to actions involving regulation of carnival and amusement parks (Labor Law art 27) as well as claims involving payment of wages (Labor Law art 6) or the mediation of labor disputes (Labor Law art 21). The Labor Law also contains provisions requiring an owner to provide a safe place to work (art 7 ["General Provisions”], § 200) and to provide scaffolding, hoists, ladders, etc., which are to be constructed, placed and operated so as to give proper protection to persons employed (art 10 ["Building construction, demolition and repair work”], § 240 [1]). Hence, the mere use of the term "labor law” to specify the nature of the action fails to apprise a defendant as to whether plaintiffs claim is based upon either Labor Law § 200 or § 240 (1) as distinguished from numerous other types of action.
It is clear that no action has been properly commenced where either service of the summons or the substance and content of the summons are not in compliance with the statutory mandate. "[T]he statutory dictates are clear — what is required for the commencement of an action is the proper service of a summons, and the summons, when unaccompanied by a complaint, must itself or by an attachment furnish to the defendant what has been described by the Judicial Conference (in its Annual Report recommending insertion of the prescriptive word 'shall’ in CPLR 305, subd [b]) as 'at least basic information concerning the nature of plaintiffs claim and the relief sought’ (Twenty-third Ann Report of NY Judicial Conference, 1978, p 273).” (Parker v Mack, supra, 61 NY2d, at 117.)
While Parker v Mack (supra) involved a situation where the summons gave no notice of either the nature of the action or the relief sought, it is equally true that when the description *791 of the nature of the action is so devoid of any notice to defendant of at least basic information concerning the nature of plaintiff’s claim, that must necessarily be the equivalent of having failed to state the nature of the action at all. The court cannot agree with plaintiff’s argument that so long as a plaintiff has made some effort, however ineffective, to enunciate the nature of the action in broad terms, then jurisdiction has been acquired. This is not a mere irregularity, correctible later. Only if jurisdiction is acquired can there be a later correction or modification. Professor David Siegel points up the anomaly that it is better to serve a bad complaint than a summons with inadequate notice. (Siegel, NY Prac § 60, at 76 [2d ed 1991].) Defective service is no service. There is no substitute for adequate notice. If the action has not been properly commenced, there can be no amendment nunc pro tune. The Court of Appeals in Parker v Mack (supra), clearly states that no action is commenced where either service is not in compliance with statutory requirements or "the paper served is not in compliance with the statutory mandate” (supra, at 117). Further, the court therein stated with reference to a cross motion for a six-month extension pursuant to CPLR 205 (a) in which to recommence the action, that: "in no case cited have we held that an action has been 'commenced’, with resulting activation of the six-month extension provision of CPLR 205 (subd [a]) or its predecessor, when that action was terminated by reason of a deficiency related to obtaining jurisdiction over * * * defendant.” (61 NY2d 114, 118, supra.)
To grant such an extension where, as here, the Statute of Limitations has now expired, would run contrary to CPLR 201 which provides that "[n]o court shall extend the time limited by law for the commencement of an action.”
Accordingly, by reason of the foregoing, the motions by defendants TFZ Architects and J. Borrico dismissing the action are granted and the cross motion by plaintiff for (1) a default judgment against defendants; and (2) for a six-month extension of time from termination of this action to recommence the action pursuant to CPLR 205 (a) are denied in all respects. In addition, having found that no jurisdiction was acquired over any of the defendants, the court sua sponte dismisses the action as to defendant Elizabeth Broome Realty Corp.