■ WILLIAM B. TRAVIS et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant.—Order unanimously reversed on the law without costs, motion granted and petition dismissed. Memorandum: Su-

preme Court erred in denying respondent's motion to dismiss the petition in this CPLR article 78 proceeding on the ground that personal jurisdiction had not been acquired over it.

"A special proceeding is commenced and *jurisdiction acquired* by service of a notice of petition" (CPLR 304 [emphasis supplied]). Further, the notice of petition "shall specify the time and place" of the scheduled hearing on the petition (CPLR 403 [a]) and be served on the adverse party at least 20 days before the time at which the petition is scheduled to be heard *(see,* CPLR 7804 [c]). The notice of petition served on respondent failed to comply with those statutory requirements because it did not contain a return date. Thus, the notice failed to apprise respondent of the time and date of the scheduled hearing on the petition. Under those circumstances, personal jurisdiction was not acquired over respondent and the petition should have been dismissed *(see, Matter of RECYCLE v Lacatena,* 163 AD2d 693, 694; *see also, Matter of Lincoln Plaza Tenants Corp. v Dinkins,* 171 AD2d 577; *Matter of Common Council v Town Bd.,* 144 AD2d 90, 92). Petitioners' reliance upon the Uniform Rules for Trial Courts (22 NYCRR 202.6, 202.8 [b]; 202.9) in support of their contention that personal jurisdiction over respondent was properly acquired is misplaced. Uniform Rules for Trial Courts (22 NYCRR) § 202.1 (d) specifically states that "[t]he provisions of this Part shall be construed consistent with the Civil Practice Law and Rules (CPLR), and matters not covered by these provisions shall be governed by the CPLR". Furthermore, it is well-established that "if [a] regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight" *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *see also, State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co.,* 150 AD2d 976). Therefore, to the extent that the rules upon which petitioners rely are inconsistent with or are in direct conflict with the applicable statutory provisions, those rules should not be accorded any weight.

Finally, while the CPLR provides for "liberal interpretation of practice rules" *(Matter of Common Council v Town Bd., supra,* at 92; *see also,* CPLR 104) and permits a court to correct minor pleading irregularities or omissions *(see,* CPLR 2001), personal jurisdiction must be acquired over the parties before a court is at liberty to exercise that discretionary power *(see, Matter of RECYCLE v Lacatena, supra,* at 694-695). Since personal jurisdiction was never acquired, there was no basis for the exercise of the court's discretion to correct the omission of the return date in petitioners' notice of petition.

(Appeal from Order of Supreme Court, Livingston County, Houston, J.—Article 78.) Present—Boomer, J. P., Pine, Fallon, Davis and Doerr, JJ.