■ Rocco Scaringi, Appellant, v Elizabeth Broome Realty Corp., Defendant, and J. Borrico et al., Respondents. [594 NYS2d 242] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered November 26, 1991, which, *inter alia,* granted defendants' motions to dismiss the complaint with prejudice, unanimously affirmed, without costs.

The trial court properly concluded that no cause of action for negligence was commenced. When a summons is served without a complaint pursuant to CPLR 305 (b), it is imperative that " ' "at least basic information concerning the nature of plaintiff's claim and the relief sought" ' " be provided *(Matter of Hart Is. Comm. v Koch,* 150 AD2d 269, 271, *lv denied* 75 NY2d 705). Here, defendants could not reasonably have been expected to ascertain the nature of the action from plaintiff's mere description of same as "Premises". That term does not denote a recognizable cause of action *(cf., Rowell v Gould, Inc.,* 124 AD2d 995, 996), and could well encompass any number of potential causes of action. Since the action was terminated for failure to obtain personal jurisdiction, plaintiff may not obtain a six-month extension of time for re-commencing the action *(Parker v Mack,* 61 NY2d 114). Finally, since it is not disputed that the same deficient summons with notice was served on the non-answering defendant Elizabeth Broome

Realty Corp., the trial court properly dismissed the action, *sua sponte,* as to that defendant. Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ. *[See,* 154 Misc 2d 786.]