*731 OPINION OF THE COURT
Edward H. Lehner, J.
At issue on this motion is whether purchasing an index number and filing a notice of petition within 20 days of receipt of the demand for arbitration and effecting service within 15 days of such filing constitutes a timely application to stay arbitration under CPLR 7503 (c) when no petition was in existence on the date of the filing of the notice of petition.
The relevant facts are undisputed. Petitioner received respondent’s demand for uninsured motorist arbitration on February 8, 1993. Thereafter, on Monday, March 1, 1993, petitioner purchased an index number and filed a notice of petition to stay the arbitration. The notice of petition stated that it was based on a verified petition of Edward T. McGettigan and the affirmation of Richard A. Reinstein in support of the petition. Petitioner then served a petition and affirmation, via certified mail, on respondent on March 15. The petition, its verification, and the affirmation are all dated March 15, 1993. Hence, it is clear that the petition and affirmation referred to in the notice of petition were not in existence on the date of its filing.
Respondent asserts that this proceeding was not timely commenced because service was not made within the 20-day period prescribed by CPLR 7503 (c).
DISCUSSION
Prior to the adoption of the "commencement-by-filing” rules enacted in 1992 (L 1992, ch 216), it is clear that this proceeding would not have been timely commenced because of the failure to effect service within the 20-day period specified in CPLR 7503 (c), which provides in relevant part as follows: "An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded. Notice of such application shall be served in the same manner as a summons or by registered or certified mail, return receipt requested * * * Service of the application by mail shall be timely if such application is posted within the prescribed period.”
The application referred to in this section is made by commencement of a special proceeding (CPLR 7502 [a]). While CPLR 304, as it existed prior to the 1992 amendment, provided that a "special proceeding is commenced and jurisdiction acquired by service of a notice of petition or order to *732 show cause”, other CPLR provisions mandated that a petition be served with the notice (CPLR 403 [b] with respect to special proceedings generally, and CPLR 7804 [c] with respect to article 78 proceedings). (See, Matter of Long Is. Citizens Campaign v County of Nassau, 165 AD2d 52 [2d Dept 1991]; Matter of Lebow v Village of Lansing Planning Bd., 151 AD2d 865 [3d Dept 1989].)
By reason of the 1992 amendments, CPLR 304 now provides that a special proceeding "is commenced by filing a notice of petition or order to show cause with the clerk of the court” (which must be accompanied by the purchase of an index number under CPLR 306-a).
Section 306-b (a) provides that "where the applicable statute of limitations is four months or less, such proof of service must be filed not later than fifteen days after the date on which the applicable statute of limitations expires”. Although not contained in CPLR article 2, which specifies periods of limitation for commencement of litigation, the 20-day period of CPLR 7503 (c) is a "statute of limitations” as that term is used in CPLR 306-b (a) (see, State Farm Mut. Auto. Ins. Co. v Maloney, 111 AD2d 917 [2d Dept 1985]).
With respect to the Statute of Limitations, CPLR 203 (c) was amended to provide that "a claim asserted in the complaint is interposed against the defendant * * * when * * * the summons and complaint or summons with notice is filed with the clerk of the court.” While other amendatory provisions specifically refer to special proceedings with respect to applicability, section 203 (c) only refers to a claim set forth in a complaint in an action. However, I conclude, by reason of the CPLR 105 (b) provision that the "word 'action’ includes a special proceeding” and "the words 'summons’ and 'complaint’ include the notice of petition and the petition, respectively, in a special proceeding”, that for Statute of Limitations purposes a special proceeding is deemed commenced upon an appropriate filing.
Here, although petitioner purchased an index number and filed the notice of petition within the 20-day period specified in CPLR 7503 (c) (albeit the last possible day of that period), the issue raised by respondent is whether the failure to serve a petition with the notice of petition within 20 days of receiving the demand for arbitration makes this proceeding untimely under that section.
In his 1992 Commentaries (McKinney’s Cons Laws of NY, *733 Book 7B, CPLR C7503:12, 1993 Supp Pamph, at 81) Professor Alexander opines that the section 7503 (c) provision stating that "[s]ervice of the application by mail shall be timely if such application is posted within the prescribed period” is "out of step with the new commencement-by-filing procedures, a point that was probably overlooked by the Legislature during the amending process”. However, I believe that the language of section 7503 (c) is in harmony with the amendments contained in chapter 216. The provision that the application is timely when posted was added in 1973 (L 1973, ch 1028) to make clear that posting of the application within the period of limitations, not the receipt thereof, resulted in a timely commencement. The "prescribed period” for service and filing proof thereof is now, as a result of sections 7503 (c) and 306-b (a), 35 days after service of the demand for arbitration, with service within such period being timely provided that the proceeding was commenced by a proper filing within 20 days of service of the demand.
Notwithstanding the foregoing, I find that this proceeding was not timely commenced because the petition referred to in the notice of petition did not exist at the date of the filing of the notice. While the statute may (without now deciding) permit the commencement of a special proceeding by the filing of only a notice of petition, it cannot be commenced when no document setting forth the claim to be asserted is in existence. In order to toll the Statute of Limitations in a plenary action, the plaintiff must file a complaint or a summons with notice stating the claim. A notice of petition, which normally only states the relief requested, is not the equivalent of a summons with notice (Matter of Long Is. Citizens Campaign v County of Nassau, supra). CPLR 403 clearly mandates that there be a petition specified in the notice of petition. Reference to a pleading that is unborn cannot satisfy the requirement. A naked notice of petition is not a concept contemplated by the CPLR and is, in effect, a nullity.
Accordingly, by reason of an insufficient filing, the 20-day period specified in CPLR 7503 (c) was not tolled, with the consequence that the subsequent service on respondent was untimely. Therefore, the petition to stay arbitration is dismissed.