OPINION OF THE COURT
Joan B. Lefkowitz, J.
FACTS AND PROCEDURAL BACKGROUND
Petitioner, a not-for-profit corporation and homeowners’ association, objects to the lease of residential facilities at William Court in the Town of Yorktown for use by eight mentally retarded persons. Members of the petitioner participated in public hearings on site selection for the subject community residence. One contention advanced by petitioner’s members and others at the hearing and here is that in considering whether there was an overconcentration of community residential facilities in the area (Mental Hygiene Law § 41.34 [c] [1] [C]; [4], [5]), the government respondents had to consider an existing community facility located on Stoney Street. The government respondents’ position is that since the proposal for William Court was temporary and in lieu of the Stoney Street facility, which was to be demolished and rebuilt, the latter facility was not an existing facility within the meaning of section 41.34 of the Mental Hygiene Law.
Westchester Development Disabilities Services Office (WDDSO) purchased residential premises on Stoney Street in the Town of Yorktown in 1990 to continue the use of the *554 premises as a community residential facility under section 41.34 of the Mental Hygiene Law and to continue occupancy there of 10 mentally disabled residents. A community residential facility for a one-family residence can house 1 to 14 developmentally disabled persons (14 NYCRR 686.99 [1], [o]). Thereafter WDDSO decided that it was necessary to raze and renovate the Stoney Street facility, and selected William Court for temporary relocation of eight patients.
The William Court site was the subject of a mortgage foreclosure proceeding where a subordinate lienholder, Beneficial Homeowners Service Corporation (Beneficial), initially submitted the highest bid at a judicially authorized auction, which bid was rejected by the Referee for failure- to present certified checks for the down payment, resulting in a second bidding at which respondent Frank Cimino was declared the successful purchaser. Beneficial moved to vacate that sale which motion was denied on February 14, 1993 by Justice Nastasi. (Empire of Am. Credit Corp. v Johnson, Sup Ct, Westchester County, index No. 7049/92.) Beneficial has appealed that determination. Apparently Mr. Cimino was acting on behalf of respondent Trilliam Corp. which took title to the William Court property on July 30, 1993, by deed from the Referee. Thereafter, in September 1993 Trilliam Corp. entered into a lease with WDDSO.
WDDSO notified appropriate persons that it intended to develop a community residential facility at William Court. The Town Board of the Town of Yorktown and members of petitioner subsequently objected to the William Court site. Pursuant to statute (Mental Hygiene Law § 41.34) respondent Office of Mental Retardation and Developmental Disabilities (OMRDD) scheduled and conducted a hearing on the Town’s objections. On January 18, 1994, the respondent Commissioner of Mental Retardation and Developmental Disabilities rendered a written decision, rejecting the Town’s objections and upholding WDDSO’s site selection of William Court. The Commissioner ruled that the statute did not require him to consider the to-be-abandoned Stoney Street facility in determining if there was an overconcentration of facilities in the area. He also ruled in the alternative that if the Stoney Street facility were to be considered, no overconcentration existed.
On or about January 28, 1994 the Town of Yorktown commenced a CPLR article 78 proceeding against OMRDD and WDDSO to annul the Commissioner’s determination (Town of Yorktown v State of New York, Sup Ct, Westchester *555 County, index No. 1423/94), which is pending before Justice Nicolai.
By order to show cause dated and served on February 22, 1994, the petitioner commenced the instant proceeding. A temporary restraining order was denied. The petition asserts four causes of action. The first two causes of action are in the nature of a CPLR article 78 proceeding to annul the Commissioner’s determination as arbitrary and capricious and as not supported by substantial evidence. The third cause of action seeks provisional relief under section 123-e of the State Finance Law, restitution of funds spent, and is in the nature of a taxpayer’s action for wrongful expenditure of State funds. The fourth cause of action is a Federal civil rights claim (42 USC § 1983), alleging that the aforementioned wrongful expenditures are under color of law. The order to show cause seeks a preliminary injunction against further expenditures at the William Court site.
The Commissioner, OMRDD and WDDSO cross-move to consolidate this proceeding with the Town of Yorktown proceeding and to dismiss the petition for failure to state a cause of action and, in addition, that the first and second causes of action are time barred pursuant to the 30-day period of limitations set forth in Mental Hygiene Law § 41.34 (d). Petitioner does not object to a joint trial of the separate proceedings.
While this matter was pending the court was advised at oral argument that eight of the residents formerly at the Stoney Street facility had been moved to William Court and that the Stoney Street facility was in the process of being torn down. The petitioner’s renewed application for a temporary restraining order, mandatory in nature, was denied from the Bench. The proceeding was adjourned until April 29, 1994 at counsel’s request to afford counsel time to submit further affidavits and briefs.
Pursuant to CPLR 7804 (g), where a question of substantial evidence is raised, emanating from a hearing where evidence was taken pursuant to statute (CPLR 7803 [4]), as here (Mental Hygiene Law § 41.34), "the court shall first dispose of such other objections as could terminate the proceeding * * * without reaching the substantial evidence issue” and then, after ruling on the objections if the matter is not terminated, transfer the balance of the proceeding to the Appellate Division (CPLR 7804 [g]).
*556 [The court discussed the Statute of Limitations generally as to CPLR article 78 proceedings and more specifically the requirement in section 41.34 (d) of the Mental Hygiene Law that a CPLR article 78 proceeding to review the Commissioner’s determination must be commenced within 30 days of said determination.]
The Commissioner issued his determination on January 18, 1994. The instant proceeding was commenced on February 22, 1994, 35 days after the determination. Clearly, it seems that the first and second causes of action must be dismissed as untimely.
However, petitioner claims that by filing the proposed order to show cause on February 17, 1994, the proceeding is timely.
STATUTE OF LIMITATIONS — COMMENCEMENT BY FILING
The question arises whether petitioner met the Statute of Limitations under the commencement by filing provisions of the CPLR. The court has written on various aspects of the 1991 and 1992 amendments (L 1992, ch 216; L 1992, ch 55; L 1991, ch 166) to the CPLR which essentially changed New York’s commencement of an action or special proceeding procedures from service on the parties to filing first, then service within certain time frames. (Kleinman v Marshall, 158 Misc 2d 640 [Sup Ct, Rockland County 1993]; Slutzky v Aron Estates Corp., 157 Misc 2d 749 [Sup Ct, Rockland County 1993]; Metropolitan Prop. & Cas. Ins. Co. v Roosevelt, 154 Misc 2d 336 [Sup Ct, Rockland County 1993].)
Prior to the effective date of most of the commencement by filing provisions (i.e., Jan. 1, 1992 except for transitional phase of July 1, 1992 to Dec. 31, 1992), CPLR 304 provided that an action is commenced by service of a summons and a special proceeding by service of a notice of petition or order to show cause. The Statute of Limitations ran from accrual of the cause of action until it was interposed. (CPLR 203 [a].) The provisions governing actions (CPLR former 304; former 305 [b]) required service of summons with notice or with complaint (Parker v Mack, 61 NY2d 114 [1984]), the provisions governing-special proceedings in general (CPLR 403 [b], [c]) required the service of a notice of petition or order to show cause and a petition (Perdum v Michael, 193 AD2d 440 [1st Dept 1993]; Matter of Campisi v Scelba, 166 AD2d 442 [2d Dept 1990]) and the provision applicable to CPLR article 78 proceedings (CPLR 7804 [c]) required the service of a notice of petition or order to *557 show cause and a petition. (Matter of Long Is. Citizens Campaign v County of Nassau, 165 AD2d 52 [2d Dept 1991].) The cited cases in each instance held that the failure to serve the required papers was jurisdictional and the Statute of Limitations continued to run as a claim was not interposed where only a bare summons or notice of petition were served. However, it has been held that a claim was interposed on the filing of a notice of petition under CPLR former 203 (b) (5) where the notice clearly described the administrative action contested and set forth the grounds for relief. (Matter of Shumsky v New York City Loft Bd., 192 AD2d 350 [1st Dept 1993].) There, the Court treated the notice as the functional equivalent of the petition.
Petitioner’s papers were received by the Calendar Clerk’s office on February 16, 1994. On the next day, petitioner’s counsel appeared in chambers requesting that an order to show cause be signed which contained a temporary restraining order enjoining the respondents from preparing the William Court site for use as a community residence. Attached to the proposed order were an affidavit of petitioner’s president, an affirmation of counsel, a verified petition and 17 exhibits. Petitioner’s counsel never mentioned that a Statute of Limitations problem existed nor did any of the documents attached to the proposed order. Petitioner was advised that in the absence of a prima facie showing of positive violation of law (Komyathy v Board of Educ., 75 Misc 2d 859, 862 [Sup Ct, Dutchess County 1973]) the court was without authority to issue an ex parte temporary restraining order against the government respondents. (CPLR 6313 [a]; DiFate v Scher, 45 AD2d 1002 [2d Dept 1974]; see, Bauer v Planning Bd., 159 AD2d 532 [2d Dept 1990], lv denied 76 NY2d 710 [1990].)[1] Petitioner’s counsel was instructed to telephone his adversaries and speak with the Part Clerk to arrange the best time to appear before this court. Thereafter, counsel for the petitioner, government respondents and private respondents appeared at my IAS Part on February 22, 1994 to argue the merits of the application for provisional relief. After hearing oral argument such relief was denied and the decretal para *558 graph in the order to show cause was deleted. The balance of the order to show cause was filled out to date it on page 1, to put in a return date on page 2 and service dates on pages 3 and 4. In fact, both counsel for respondents were served in court on February 22, 1994 and admitted service on the original order to show cause, which was then presented to the Part Clerk to hold until the return date of the motion for preliminary injunction and other relief.
Of course, proof of service of the service on respondents was not required to be filed since they appeared in the proceeding. (CPLR 306-b [a].)[2] However, perhaps petitioner should have filed a duplicate original of the order to show cause and petition on February 22, 1994 and immediately requested a nunc pro tune order of delayed filing (cf., CPLR 304, 203 [c] [2]). In the Ninth Judicial District only duplicates of orders to show cause may be filed while the motion raised thereby is sub judice, as the originals remain with the Part Clerk and are not transmitted to the County Clerk until a decision or order is made. (See, Siegel, NY St L Dig No. 395, Nov. 1992, item 1.)
On February 17, 1994 petitioner’s application for an index number was filed in the County Clerk’s office with a copy of the proposed order to show cause, without dates, deletion or signature and with a request for judicial intervention. Under former CPLR provisions where jurisdiction was acquired by service, it has been held that service of a notice of petition without appropriate return dates (CPLR 403 [a]) is a jurisdictional defect. (Matter of Kalinsky v State Univ., 188 AD2d 810 [3d Dept 1992]; Matter of Harder v Board of Educ., 188 AD2d 783 [3d Dept 1992]; Travis v New York State Dept. of Envtl. Conservation, 185 AD2d 714 [4th Dept 1992]; Matter of Civil Serv. Empls. Assn. v Albrecht, 180 AD2d 183 [3d Dept 1992], lv denied 80 NY2d 761 [1992]; Matter of Lincoln Plaza Tenants Corp. v Dinkins, 171 AD2d 577 [1st Dept 1991]; but cf., cases *559 holding blank or wrong time to respond in summons is not jurisdictional, Gribbon v Freel, 93 NY 93, 96-97 [1883]; Ronan v J.J.D. Food Servs., 119 AD2d 651 [2d Dept 1986]; Elder v Morse, 214 App Div 632 [2d Dept 1925].)
Similarly, it has been held under the commencement by service statute, that for interposition of a claim (thereby stopping the Statute of Limitations) under CPLR 203 (b) (5), which provides that the claim is interposed on filing of the summons with the County Clerk where service of the summons is then made on the defendant within 60 days after the period of limitations would have expired, the summons served must be exactly the same as the one filed. (Scaringi v Broome Realty Corp., 154 Misc 2d 786 [Sup Ct, NY County 1991].) There Mr. Justice Greenfield meticulously analyzed the language of CPLR 205 (b) (5) (i) to reach that result. The summons served was found jurisdictionally defective because of minor variations from the one filed. It was alternatively ruled that neither the summons filed nor served contained appropriate notice of the action and was dismissed on that ground too. On appeal, the Appellate Division, First Department, discussed only the alternative ruling and affirmed on that basis (191 AD2d 223 [1st Dept 1993]).
A reading of CPLR 203 (c) (1), which provides for interposition of a claim in a complaint (or petition) when the summons and complaint (notice of petition and petition) is filed with the County Clerk, should be consistent with CPLR 203 (b) (5) (i), and by a parity of reasoning the document served should be identical in substance to the one filed.
The issue is thus squarely presented here as to what effect, if any, for Statute of Limitations purposes the filing of the putative order to show cause has under the commencement by filing scheme. Before addressing that question, what remedy, if any, did petitioner’s counsel have on February 17, 1994 other than to file the unexecuted copy of the order to show cause? He could have prepared a simple notice of petition and filed that with the County Clerk instead of the blank order to show cause (CPLR 304). If CPLR 304 is also read to require the filing of a petition along with the notice (cf., Matter of American Tr. Ins. Co. [Lewis], 157 Misc 2d 730 [Sup Ct, NY County 1993] [filing of notice of petition insufficient where petition not in existence at time of filing]; Siegel, NY St L Dig No. 390, June 1992, item 1; Siegel’s Prac Rev No. 3, May 1993, No. 11, Nov. 1993), the petition had already been prepared and verified and could have been filed, perhaps even with the *560 proposed order to show cause. Then, assuming that CPLR 203 (c) (1), which provides that a claim is interposed when the summons and complaint or summons with notice is filed, is construed to include notice of petition and petition, respectively, pursuant to CPLR 105 (b) (Matter of American Tr. Ins. Co. [Lewis], 157 Misc 2d 730, supra), the Statute of Limitations may have been met on such filing on February 17, 1994. Subsequently, petitioner could have sought temporary provisional relief by order to show cause. Alternatively, on February 17, 1994, petitioner could have requested that the court sign the order to show cause, without temporary relief, for immediate filing as the functional equivalent of a petition or making it returnable on February 22, 1994, five days later, with a decretal paragraph permitting filing on February 22, 1994. CPLR 304 provides in pertinent part, "[wjhere a court finds that circumstances prevent immediate filing with the clerk of the court, the signing of an order requiring the subsequent filing at a specific time and date not later than five days thereafter shall commence the action.” Similarly, CPLR 203 (c) (2) provides that the claim is interposed under such circumstances when the process is filed no later than five days after the signing of the order. Whether petitioner could have demonstrated the necessity for such an order is debatable but the opportunity came and went without an attempt to do so having been made. (Siegel, NY St L Dig No. 391, July 1992, item 9; 1 Weinstein-Korn-Miller, NY Civ Prac f 203.22a, at 2-132 [an extension for filing may be sought if "for any reason filing is delayed”].)
At bar, petitioner did not avail itself of these potential remedies and must suffer the unintended consequences of the revenue-generation commencement-by-filing legislation. (1 Weinstein-Korn-Miller, NY Civ Prac fl 203.13, at 2-118; [[ 306-a.01, at 3-254.13; CPLR 306-a.)
While the filing of an executed order to show cause that is the functional equivalent of a petition, as the instant proposed order might well be, could have been sufficient under CPLR 203 (c) and 304 (cf., 1 Weinstein-Korn-Miller, NY Civ Prac [f 306-b.01), the filing of an unexecuted, proposed order to show cause is meaningless and, of course, is not even the same document later signed and served. (Scaringi v Broome Realty Corp., 154 Misc 2d 789, supra; Siegel, NY St L Dig No. 392, Nov. 1992, item 4; Siegel’s Prac Rev No. 15, Feb. 1994, at 3.)
Since neither a copy of the executed order to show cause (in lieu of notice of petition and petition) nor the petition itself *561 was ever timely filed and no longer can be timely filed, it is clear that the CPLR article 78 proceeding causes of action are time barred by the 30-day Statute of Limitations because these claims were not timely interposed under CPLR 203 (c).[3]
FAILURE TO STATE CAUSE OF ACTION

(a) Waste

The purpose behind section 41.34 of the Mental Hygiene Law, which establishes the procedures for site selection of community residences, is "to eliminate the legal challenges that were impeding implementation of the State policy” (Crane Neck Assn. v New York City/Long Is. County Servs. Group, 61 NY2d 154, 164 [1984], appeal dismissed and cert denied 469 US 804 [1984]) and to discourage "frivolous legal challenges” (Governor’s Mem approving L 1978, ch 408, 1978 McKinney’s Session Laws of NY, at 1821). For an objectant to successfully prevail in a CPLR article 78 proceeding, it is necessary to show by concrete, clear and convincing evidence that there would be an oversaturation of similar and other State-licensed facilities in proximity that would result in a substantial alteration of the character of the community. (Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, 191 AD2d 572 [2d Dept 1993]; Matter of Town of Oyster Bay v Surles, 189 AD2d 767 [2d Dept 1993]; Matter of City of Kingston v Surles, 180 AD2d 69 [3d Dept 1992]; Matter of Town of Hempstead v Commissioner of State of N. Y. Off. of Mental Health, 166 AD2d 709 [2d Dept 1990]; Matter of Paino v Webb, 152 AD2d 699 [2d Dept 1989]; Matter of Incorporated Vil. of Freeport v Webb, 147 AD2d 699 [2d Dept 1989], lv denied 74 NY2d 614 [1989]; Matter of Town of Bedford v State of New York, 144 AD2d 473 [2d Dept 1988]; Mental Hygiene Law § 41.34 [c] [5].) Where the objectant fails *562 in presenting such proof and the record contains substantial evidence that the town’s alternative site was not superior, the Commissioner’s determination is sustained. (Matter of City of Glen Cove v Commissioner of N. Y. State Off. of Mental Retardation & Dev. Disabilities, 175 AD2d 243 [2d Dept 1991].)
At bar, it is not the function of nisi prius to weigh the evidence. However, since the court has disposed of the CPLR article 78 causes of action as time barred, it may consider the abbreviated record submitted herein insofar as it relates to that portion of the government respondents’ motion to dismiss the third and fourth causes of action for failure to state a cognizable claim.
In this regard the court has considered the legislative history of the community residence statute as discussed in Crane Neck Assn. v New York City/Long Is. County Servs. Group (61 NY2d 154, supra), reviewed the subsequent amendment (L 1992, ch 823) and agrees with the Commissioner’s determination that section 41.34 does not require him to consider a community residence site that will no longer be used where the objections relate to selection of a site for temporary substitution. Petitioner points to no authority in support of its position and the court cannot glean any from the statute itself. How the closure of a community residence, such as occurred on Stoney Street, could adversely impact the community has not been made clear. Only if and when the government respondents decide to operate both the William Court and the Stoney Street facilities must each be taken into consideration along with all other similar and State-licensed facilities in the area.
[The court dismissed the taxpayer’s action and the civil rights action as without merit.]
Accordingly, the cross motion is granted to the extent of dismissing the petition and that part of the cross motion for consolidation is denied as academic. Petitioner’s motion is denied.
[Portions of opinion omitted for purposes of publication.]

. This policy of giving municipal corporations, public officers and boards an opportunity to be heard prior to the grant of a temporary restraining order was recommended to the Justices of the Ninth Judicial District by its Administrative Judge, Hon. Joseph F. Gagliardi, by Administrative Memorandum, on March 9, 1977 and has been adhered to in this District ever since.

. Professor Siegel agrees that CPLR 306-b (a) may be read as not requiring filing proof of service where the defendant appears but suggests that the plaintiff file some document indicating service for otherwise the clerk may consider the case dismissed. (Siegel’s Prac Rev No. 16, Feb. 1994, at 2-3.) In the Ninth Judicial District, by Administrative Memorandum dated October 28, 1992, from Hon. Angelo J. Ingrassia, Administrative Jüdge, the County Clerks were instructed not to dismiss an action for failure of a party to pay the index number fee under CPLR 306-a (b), because factual arguments may exist precluding dismissal, which shall be heard in court. By a parity of reasoning, the same rationale should apply with equal force to CPLR 306-b (a) deemed dismissals.

. While not raised by the parties, the dismissal of the CPLR article 78 causes of action as time barred precludes the grant of any putative motion for intervention by petitioner in the companion Town of Yorktown proceeding. (Matter of Power Auth. v Flacke, 90 AD2d 878 [3d Dept 1982]; Matter of Mulkeen v Bronstein, 75 Misc 2d 110, 112-113 [Sup Ct, NY County 1973], affd 43 AD2d 664 [1st Dept 1973], lv denied 33 NY2d 520 [1974]; 24 Carmody-Wait, Proceeding Against A Body Or Officer § 145:172; see, CPLR 1012, 1013, 7802 [d].) Of course, petitioner could seek leave of the court to appear as amicus curiae in the companion proceeding. (Cf., Federal Natl. Mtge. Assn. v Levine-Rodriguez, NYLJ, Dec. 18, 1991, at 25, col 3, 153 Misc 2d 8 [Sup Ct, Rockland County] partially published, omitting amicus curiae discussion].)