OPINION OF THE COURT
Kenneth R. Fisher, J.
In a petition verified June 21, 1995, petitioners request that the court annul the decision of the Town of Caledonia Zoning Board and that it reinstate their building permit. The parties agree that the Statute of Limitations expired on June 26, 1995. The order to show cause was signed by me on July 5, 1995. Respondent moves to dismiss the petition as time barred. Mr. and Mrs. Richard Pursel, and various other Caledonia residents who filed the successful zoning board appeal that is challenged in the petition, move to intervene as amicus curiæ for the purpose of supporting the motion to dismiss.
The motion to dismiss calls into question the commencement-by-filing statute passed in 1992, and amended in 1994 to clarify that it applies to special proceedings. The motion to dismiss is supported by the decision in William Ct.-White Hill Rd. Homeowners Assn. v New York State Commr. of Mental Retardation & Dev. Disabilities (161 Misc 2d 552 [Sup Ct, Westchester County 1994]), which appears to be the closest case on point that the court can find in the post-commencement-by-filing period. For the following reasons, however, this court declines to follow that case, and holds that this action was timely commenced.
A. Background
The facts are undisputed. On Friday, June 23, 1995, at approximately 9:00 a.m., petitioner’s attorney, David H. Walsh, IV, Esq., appeared at the office of the Livingston County Clerk and delivered a proposed order to show cause together with an attached CPLR article 78 petition. Walsh realized that the Statute of Limitations was due to expire the following Monday, and therefore he appeared personally to deliver the papers to the Livingston County Clerk’s office. When he presented the papers to the Clerk, Walsh purchased an index number as well as an RJI. Walsh then affixed the index number upon the proposed order to show cause and requested that the Clerk file *710 the order to show cause and the attached article 78 petition. He was given a receipt for the purchase of the index number which was time and date stamped June 23, 1995, 9:01 a.m. He also obtained a receipt for the RJI.
Upon leaving the County Clerk’s office, and with the assurance that the proposed order to show cause and attached petition would be filed, Walsh went to the Supreme Court Assignment Clerk’s office to make arrangements to have the order to show cause signed. Walsh was advised that Judge Meyer was on trial and that the papers would be presented to him for his signature during a break later that day. Walsh told "Barbara” at the Assignment office that it was imperative that the order be signed immediately and that a signed copy be filed with the County Clerk. "Barbara” assured Walsh that it would be signed that day.
Thereafter, Walsh left to return to his Rochester, New York office. That afternoon, Walsh made several telephone calls to the Assignment office to inquire of the status of the matter. He was evidently put off until someone ultimately told him that the order to show cause had not been signed, and that it would not be signed until the following Monday. Walsh again advised that it was imperative that the order be signed on Monday, because that was the last day permitted by the applicable limitations period. Walsh was told that he would be contacted as soon as the order was signed. On Monday, June 26,1995, Walsh made several telephone calls to chambers inquiring of the status of the matter. He was advised finally that the order had not yet been signed.
On Tuesday, June 27, 1995, Walsh received a telephone call from a Supreme Court Assignment Clerk advising him that both Judges in the County had recused themselves from the matter and that an outside Judge would have to be located. Later that day, Walsh was told that the case had been referred to the undersigned, and that he should send a copy of the order to show cause to me for signature, because the County Clerk’s office in Livingston County would retain the original. The Assignment office further told Walsh that, when the order to show cause was signed, Walsh should notify the Assignment office in Livingston County so that the Assignment Clerk could conform the original order to show cause and maintain it on file.
*711 The order to show cause was signed by me on July 5, 1995.[1] It directed that service be made on or before July 7, 1995, two days later. Actual service was effected, and is conceded, on July 5, 1995.
Jacqueline M. Thomas, Esq., Walsh’s associate, swears in an affidavit, not challenged by respondent, that the Livingston County Clerk’s office maintained a record of Walsh’s purchase of an index number and RJI. Ms. Thomas was told, upon investigation of the matter, that the County Clerk’s office would not "actually file” a proposed order to show cause and attached article 78 petition until it was forwarded to the Supreme Court Assignment Clerk’s office for delivery to the appropriate Judge for signature. In Livingston County, once the order to show cause is signed by a Judge, the Clerk ordinarily files the order and the petitioner’s attorney is notified by telephone. Ms. Marge Davis of the Livingston County Clerk’s office confirmed to Thomas that the order to show cause and article 78 petition were received by the County Clerk on June 23, 1995, and that they were initially submitted to Judge Meyer. When Judge Meyer recused himself, the papers were presented to Judge Cicoria, who also recused himself. Nobody in the Livingston County Clerk’s office recalled telling Walsh that the original papers were never actually "filed.” (See, affidavit of Jacqueline S. Thomas, Esq., sworn to July 17, 1995.)
B. The Parties’ Contentions
Acknowledging that the Statute of Limitations is 30 days, and that the 30th day fell on Sunday, June 25, 1995, and that the article 78 proceeding needed to be commenced on or before June 26, 1995 (Town Law § 267-c; Caledonia Town Code § 130-105), petitioners contend that commencement occurred at approximately 9:00 a.m. on June 23, 1995, when Walsh personally delivered the proposed order to show cause and the attached article 78 petition to the Livingston County Clerk’s office staff. CPLR 304 provides that "a special proceeding is commenced by filing a notice of petition or order to show cause and a petition with the clerk of the court in the county in which the special proceeding is brought.” In William Ct.-White Hill Rd. Homeowners Assn. (161 Misc 2d 552, 559, supra), it *712 was held that the filing of a "putative order to show cause” has no effect under the new commencement-by-filing scheme. (Supra, at 560 ["The filing of an unexecuted, proposed order to show cause is meaningless”].) Drawing upon precommencement-by-filing cases holding that service of a notice of petition without an appropriate return date is a jurisdictional defect (161 Misc 2d, at 558-559, supra [collecting cases]), and upon those cases holding that, under the new commencement-by-filing scheme, the summons served on the defendant must be exactly the same as the summons filed (161 Misc 2d, at 559, supra) the court held that the filing of a proposed order to show cause could not constitute commencement because the proposed order to show cause would not be exactly the same as the one ultimately signed by a Judge containing a return date. The court observed that the petitioner "could have prepared a simple notice of petition and filed that with the County Clerk instead of the blank order to show cause” (161 Misc 2d, at 559, supra), or in the circumstances of that case, petitioner could have requested that the court sign the order to show cause without the provision for temporary relief (which delayed court action beyond the Statute of Limitations), and thereafter seek a separate order to show cause sometime after commencement containing the temporary provisional relief. (161 Misc 2d, at 560, supra.) In summary, the court concluded that the petitioner "must suffer the unintended consequences of the revenue-generation commencement-by-filing legislation.” (161 Misc 2d, at 560, supra.)
C. Discussion
The court does not agree with the analysis above, and finds that, in the circumstances of this case, commencement occurred on June 23, 1995, the date the proposed order to show cause and petition were delivered to the Livingston County Clerk’s office. CPLR 304 provides that "filing shall mean the delivery of the * * * [petition and notice or order to show cause] to the clerk together with any fee required.” (See also, CPLR 403.) "Tender of these items to the clerk should qualify as the filing even if the clerk does not immediately assign an index number as required by CPLR 306-a.” (CPLR 304; Alexander, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l, 1995 Pocket Part, at 44.) The statute further requires that proof of service be filed in an article 78 proceeding not later than 15 days after the date on which the applicable Statute of Limitations expires. (CPLR *713 306-b [a].) In this case, service was actually effected on July 5th, well within the 15-day period. Respondent does not contend on this motion that proof of service was filed outside the 15-day period.[2]
"As a result [of the 1992 amendments], service of process on the defendant no longer marks interposition of a claim for Statute of Limitations purposes. Instead, it is the 'filing [of] a notice of petition or order to show cause and a petition with the clerk of the court in the county in which the special proceeding is brought’ which constitutes the crucial date for determining whether the Statute of Limitations is satisfied.” (Matter of Spodek v New York State Commr. of Taxation & Fin., 85 NY2d 760, 763 [1995].)
The question thus becomes whether the court’s failure to sign the order to show cause within the limitations period, together with the corresponding lack of a return date (because no Judge could be assigned and thereafter give petitioners a return date), constitute either individually or in combination a jurisdictional defect. It is true, as the Williams Ct.-White Hill Rd. Homeowners Assn. case observed (161 Misc 2d, at 558, supra), that the lack of a return date in a notice of petition served on respondent was a jurisdictional defect under the precommencement-by-filing scheme. (See, CPLR 403 [a]; Matter of Civil Serv. Empls. Assn. v Albrecht, 180 AD2d 183, 185 [3d Dept 1992].) This rule obtained notwithstanding the arguably more relaxed provisions of the Uniform Rules for Trial Courts (22 NYCRR 202.6, 202.8 [b]; 202.9; Travis v New York State Dept. of Envtl. Conservation, 185 AD2d 714, 715 [4th Dept 1992] [holding that the failure to " 'specify the time and place’ ” of *714 the article 78 hearing, CPLR 403 (a), was a jurisdictional defect, and emphasizing the words "jurisdiction acquired” in former CPLR 304]).
The 1992 amendments did not alter the requirement in CPLR 403 that the notice of petition specify the return date. Nor did the amendments alter the alternative procedure of obtaining an order to show cause. (CPLR 403 [d] ["The court may grant an order to show cause to be served, in lieu of a notice of petition at a time and in a manner specified therein”].) The 1992 amendments, however, significantly altered the language of CPLR 304 by deleting the words, "and jurisdiction acquired”, which the Travis Court emphasized. (Travis v New York State Dept. of Envtl. Conservation, 185 AD2d, at 715, supra.) Furthermore, the new commencement scheme deemphasized service of the petition together with the notice or order to show cause by making service upon the respondent "a follow-up procedure.” (CPLR 306-a; Alexander, 1992 Supp Practice Commentaries, op. cit., CPLR C:306-a.) Filing marks the interposition of a claim for Statute of Limitations purposes if service is made in accordance with CPLR 306-b (a). (See, CPLR 203; Alexander, 1992 Supp Practice Commentaries, op. cit., CPLR C203:2A; Evans v Evans, 208 AD2d 223, 227 [4th Dept 1995] ["when New York adopted the commencement-by-filing procedure, it was intended that an action exist even though personal service had not yet been effected upon a named defendant”]; Enos v City of Rochester, 206 AD2d 159, 161 [4th Dept 1994].) Thus Travis and similar precommencement-by-filing cases do not control the outcome in this case, and the court is left without precedent to decide the issue presented by respondent’s motion. (See also, Maiden Lane Neighborhood Assn. v Town of Greece, Sup Ct, Monroe County, Nov. 30, 1992, index No. 7657/92, at 10-12 [coming to same conclusion in view of the deletion of the words "and jurisdiction acquired” in CPLR 304].)[3]
Whether noncompliance with a particular statutory requirement amounts to a jurisdictional defect is not, so far as this *715 court can determine, subject to a rule embodying a limiting principle. "No rule or measure has ever been devised by which we may determine in every case, with definite certainty, whether a defect is jurisdictional or is a mere irregularity which may be disregarded or amended.” (Valz v Sheepshead Bay Bungalow Corp., 249 NY 122, 134 [1928].) The courts look to the purposes of the statutory requirements and to whether such purposes have been substantially satisfied to determine the jurisdictional issue (249 NY, at 134-139, supra) but they may not exercise discretion to cure defects (CPLR 2001) unless jurisdiction is actually acquired over a defendant. (249 NY, at 135-136, supra; Travis v New York State Dept. of Envtl. Conservation, 185 AD2d, at 715, supra.) A statement of the syllogism, however, does not provide the functional equivalent of a limiting principle suitable for deciding concrete cases.
Whatever its revenue generating origins, we know that the commencement- by-filing scheme was designed in part to resemble the Federal model, in some respects but not all. (CPLR 304; Alexander, 1992 Supp Practice Commentaries, op. cit., CPLR C304:l, at 44) ["practitioners should not assume that the mechanics of the New York and federal rules are interchangeable”]; CPLR 203; Alexander, 1992 Supp Practice Commentaries, CPLR C203:2A, at 24 ["New York has now converted, in substantial part, to a system of commencement similar to that employed in federal courts”]; 1 Weinstein-Korn-Miller, NY Prac ¶ 304.01, at 3-206 [1994] ["the current system, which is quite similar to rule 3 of the Federal Rules of Civil Procedure”].) Under the Federal system, the requisite filing which triggers a tolling of the Statute of Limitations is of the complaint or petition, not of the summons or notice of the action. "This recognizes that a law suit is a matter of public record and that there is a need for certainty with regard to the time of institution of the suit and its consequent effect upon the limitations and priorities.” (Wright, Federal Courts, § 64, at 440 [5th ed 1994].) There is no reason to believe that the New York Legislature did not have a similar intent when amending CPLR 304.
With respect to the first alleged defect — that the proposed order to show cause and petition were not actually filed by the *716 Livingston County Clerk — the definition of "filing” in CPLR 304 disposes of respondent’s argument. The papers were delivered to the Clerk and the relevant filing fee was paid. They were filed within the meaning of the statute. (Enos v City of Rochester, 206 AD2d, supra, at 162; see also, Matter of Vetrone v Mackin, 216 AD2d 839, 841 [3d Dept 1995], supra ["the Statute of Limitations will not be tolled absent both delivery and payment”].) New York has not yet amended its statute to provide, as Federal Rules of Civil Procedure, rule 5 (e) does, that the Clerk may not refuse any item for filing. But under the statutory definition of filing in CPLR 304, delivery of the papers to the Clerk together with payment of the relevant filing fees constituted filing without any further action (and despite the inaction) of the Clerk. The time stamp and a docketing log of the filing is not necessary under CPLR 304.
With respect to the second alleged defects — the lack of a return date and the failure to obtain a Judge’s signature — an examination of the statutory purpose and design of the new commencement-by-filing scheme shows that, in the circumstances of this case, no jurisdictional defect can be found. As alluded to above, "[i]n the past, service of the petition and notice of petition (or order to show cause) was the act that both commenced the special proceeding and acquired jurisdiction.” (CPLR 403; Alexander, 1992 Supp Practice Commentaries, op. cit., CPLR C403:l, at 130.) After enactment of the commencement-by-filing scheme, service on the respondent is "a follow-up procedure” that must be completed within the time prescribed by CPLR 306-6 (a). (Id.)
It has been suggested that petitioners could have followed an alternative procedure. Indeed, petitioners could have proceeded by way of notice of petition. But under the view offered by Williams Ct.-White Hill Rd. Homeowners Assn. (supra) and the respondents here, such a filing would have been jurisdiction-ally defective without a return date affixed to the notice— something we know would not have been given to the petitioners within the limitations period by either of the Judges to whom this matter was originally referred for action. They recused themselves. The filing of a notice of petition would have been just as unavailing to the petitioners under the view of the statute taken by respondent and Williams Ct.-White Hill Rd. Homeowners Assn. (supra) as the order to show cause *717 route ultimately chosen by petitioners.[4] The chief function of the commencement-by-filing scheme enacted by the Legislature was satisfied by the purchase of an index number, the execution of an RJI form, and the filing by delivery to the Clerk of the original verified petition.
The function of the order to show cause, aside from the interim relief requested, like the function of a notice of petition which contains a return date, is simply one of notice to the opposing party of the existence of the action and the time of the article 78 hearing. Under the new commencement-by-filing scheme, that notice can occur within 15 days of the expiration of the limitations period, which in fact occurred here. The order was signed, it contained a return date, and it was served within 15 days. Moreover, respondent appeared within those 15 days. In every functional sense the objectives of the Legislature were achieved in this case. Accordingly, the pre-commencement-by-filing cases, holding that the procurement of a return date and the affixing of it on the order to show cause is a jurisdictional prerequisite to commencement, that is even before actual service is effected upon the opposing party, are distinguishable. I therefore find Williams Ct.-White Hill Rd. Homeowners Assn.’s reliance upon those cases unpersuasive and decline to follow that case. On June 23, 1995, "an action exist[ed] even though personal service had not yet been effected upon a named defendant.” (Evans v Evans, 208 AD2d, supra, at 227.)
The court is sensitive to the concern that the Legislature is the branch of government ultimately entrusted with the determination of how an action or special proceeding is commenced, and the timeliness thereof. (See, e.g., CPLR 306-b [Supp Practice Commentaries, op. cit., CPLR C306-b:3].) In this case, the court recognizes and defers to each separate requirement of the statute, and is only concerned with whether noncompliance with one or the other requirement is a jurisdictional defect. That determination requires a sensitive analysis of the legislative design by the courts, which is attempted by the foregoing. The *718 resolution achieved here thus respects a proper separation of powers as between these coordinate branches of government. The motion to dismiss is denied.

. The delay was entirely due to the failings in my chambers. The proposed order to show cause contained a provision for a temporary stay, which was consented to by the respondent. The fact that the stay was consented to was not verified by me until July 5th. Otherwise, the order would have been signed the previous week.

. Such a contention would be unavailing. In the circumstances of this case, the statute provides that "proof of service must be filed not later than fifteen days after the date on which the applicable statute of limitations expires.” Where proof of service is not filed within the 15 days, "and there has been no appearance by the defendant” within those 15 days, "the action * ** * shall be deemed dismissed * * * without prejudice and without costs.” (CPLR 306-b [a] [emphasis supplied].) The statute further provides that, in the case of an action "deemed dismissed,” the plaintiff may commence the same action anew after expiration of the limitations period if the original action deemed dismissed "was timely commenced” and the new action is commenced and service effected within 15 days of such "deemed dismissal.” (CPLR 306-b [b]; Matter of Barsalow v City of Troy, 208 AD2d 1144, 1146 [3d Dept 1994].)
Here, respondent appeared by interposing a motion to dismiss on July 10, 1995, which was 14 days after the Statute of Limitations expired on June 26th. Accordingly, the failure to file proof of service provides no ground for dismissal, and respondent’s papers do not contend otherwise.

. A recent Third Department decision may be read to the contrary. (Matter of Vetrone v Mackin, 216 AD2d 839, 841 [3d Dept 1995] ["Under CPLR 304 as amended, a proceeding is commenced by filing, but personal jurisdiction is not obtained until service is effected”].) But in that case, the papers served on the respondent did not contain a return date. In this case, the papers served within the 15-day period contained a return date, and the respondent appeared within 15 days of the expiration of the limitation period. The only defect, if any, was that the filing on June 23rd did not also contain a return date. Nothing in the statute explicitly addresses this type and kind of omission. In any event, I am bound to follow the approach of the *715 Fourth Department in Evans (supra). (1 Carmody-Wait 2d, NY Prac § 2.249, at 428.) The question whether a claim is interposed for limitations purposes is different from the question whether jurisdiction is acquired over a particular defendant, although in some cases in which the follow-up service procedures are not followed these questions may turn on the same facts.

. The presence in the proposed order to show cause of the interim relief of a stay did not, as in Williams Ct.-White Hill Rd. Homeowners Assn. (supra), detain any Judge from signing the order to show cause. The stay was agreed to by respondent, as I found out only after scratching the stay out on the order that I signed on July 5, 1995. Hence my markings, "Ignore Scratchings.”