■ PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT, Respondent, v TORIN HYLOR, Appellant. [63 NYS3d 312]—

Order and judgment (one paper), Supreme Court, New York County (Martin Shulman, J.), entered August 9, 2016, which, in this civil forfeiture action, granted plaintiff's motion for summary judgment, denied defendant's cross motion for summary judgment, and declared that defendant's vehicle be forfeited, unanimously affirmed, without costs.

By notice received by plaintiff on January 22, 2015, defendant requested a hearing pursuant to *Krimstock v Kelly* (306 F3d 40 [2d Cir 2002], *cert denied* 539 US 969 [2003]), seeking a temporary return of his 2002 BMW. The police had seized the car as an alleged instrumentality of a crime during defendant's arrest for criminal possession of marijuana and other violations, as they found over three pounds of marijuana in the car. On the same day plaintiff received defendant's request, it served a Petition and Notice of Hearing on him, notifying him the requested hearing had been scheduled, indicating its intent to retain the car and to commence forfeiture proceedings, and explaining the car had been seized pursuant to his arrest for violation of, among other charges, Penal Law § 221.55, as the alleged instrumentality of a crime. The notice further advised defendant of his right to appear at the hearing in person, and to be represented by an attorney.

Plaintiff, 18 days later on February 9, 2015, then served and filed a summons with notice commencing the forfeiture action. Although plaintiff's commencement of the action was within the 25-day statute of limitations set forth in 38 RCNY 12-36 (see *Property Clerk, N.Y. City Police Dept. v Ford*, 92 AD3d 401 [1st Dept 2012]), as measured from the date of defendant's *Krimstock* hearing request, defendant contends the summons with notice was a nullity because it failed to meet the requirements of CPLR 305 (b) and of 38 RCNY 12-36 (b).

CPLR 305 (b) provides, in relevant part, that when a summons with notice is served without a complaint, the summons shall contain "a notice stating the nature of the action and the relief sought, and . . . the sum of money for which judgment may be taken in case of default." In this case, plaintiff's summons notified defendant that plaintiff had commenced an action for forfeiture seeking a 2002 BMW, which plaintiff identified by its vehicle identification number, and further warned defendant that, if he failed to answer, a default judgment would be entered against him for the vehicle.

We hold that the "broadly descriptive" words of the summons with notice of this forfeiture action (*Scaringi v Broome Realty Corp.*, 154 Misc 2d 786, 789 [Sup Ct, NY County 1991], *affd* 191 AD2d 223 [1st Dept 1993]) complied with the notice requirements of CPLR 305 (b). This is particularly so given that the vehicle was identified in the summons with notice by its vehicle identification number, that no other vehicle or other property of defendant's is at issue in this case, that the car was seized at the time of defendant's arrest, that it was seized as an instrumentality of the crime because it contained over three pounds of marijuana, and, further, given that defendant has since pleaded guilty to two of the four criminal possession charges brought against him and, in the course of his guilty plea, admitted that he possessed the marijuana taken from his car.

Furthermore, the summons with notice, particularly when read together with the Petition and Notice of Hearing served by plaintiff, satisfied the notice requirements of 38 RCNY 12-36 (b), as these documents "include[d] a statement of the grounds upon which the property clerk seeks to justify the continued retention of the property" as that rule requires and, moreover, provided defendant with an adequate opportunity to be heard, which defendant was, with the assistance of counsel.

Given the adequacy of the notice of the forfeiture proceedings that were commenced within the requisite 25-day period, defendant's cross motion for summary judgment dismissing the forfeiture action as untimely was properly denied.

We have considered defendant's remaining arguments and find them unavailing. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.