In the Matter of CHEM-TROL POLLUTION SERVICES, INC., Appellant, v. HOLLIS S. INGRAHAM, as Commissioner of Health of State of New York, et al., Respondents.

Fourth Department, June 29, 1973.

*Lipsitz, Green, Fahringer, Roll, Schuller & James (Evan E. James of counsel), for petitioner.*

*Louis J. Lefkowitz, Attorney-General (Stanley Fishman, Murray Susswein and Ruth Kessler Toch of counsel), for respondents.*

SIMONS, J.   This is an appeal from a judgment of Special Term which dismissed the petition for lack of jurisdiction because petitioner failed to serve the order to show cause and the petition on the Attorney-General, pursuant to subdivision (c) of CPLR 7804, within the statutory limitation period.

Petitioner is a tenant and contractually obliged to purchase 240 acres of land in Niagara County formerly owned by the United States Atomic Energy Commission and used by it as a storage area for radioactive materials.   Petitioner intends to develop the land for antipollution services to reclaim and remove industrial wastes and pollutants.   The respondent, by an order served on May 5, 1972, forbade further development until petitioner complied with certain stated requirements to decontaminate the real property.   Petitioner, contending that the property meets all requirements of the Atomic Energy Act (U. S. Code, tit. 42, § 2011 *et seq.*), and that the State is improperly interfering with its use under the terms of agreements between the State and the Federal agency, initiated this special proceeding by an order to show cause and a petition.   The order to show cause provided for service on the respondent, Commissioner. It did not direct service on the Attorney-General although he had actual knowledge of the proceeding by receiving a mailed copy of the petition and order September 5, 1972, the last day of the limitation period (CPLR 217).

Petitioner effected personal service on the Attorney-General on September 7, 1972.   Special Term held that timely service on the Attorney-General was a jurisdictional requirement under subdivision (c) of CPLR 7804 (L. 1972, ch. 752, § 3, eff. May 30, 1972) and that delivery by mail did not satisfy the requirement of the statute.   We agree that service on the Attorney-General is a jurisdictional requirement but we do not believe that the failure to complete service on him before the four-month period expired mandates granting respondent's motion to dismiss the petition.

CPLR 203 sets forth the methods of computing periods of limitation and in subdivision (a) it provides that "the time within which an action must be commenced   *   *   *   shall be computed from the time the cause of action accrued to the time *the claim is interposed.*" (Emphasis added).   Service of the order to show cause on the respondent Commissioner of Health was properly effected prior to the expiration of the four-month limitation period.   That service tolled the statute even though service was not complete until the Attorney-General was served *(Board of Trustees of Common School Dist. No. 2 of Town of*

*Dickinson* v. *Commissioner of Educ. of State of N. Y.*, 40 A D 2d 239). Service upon the Attorney-General September 7, 1972 resulted in the court obtaining personal jurisdiction over respondent. In the *Board of Trustees* case (*supra*), the original notice of petition was defective because it failed to name the Board of Regents as a respondent. An amended petition was served after the four-month period of limitation had expired. It was held that petitioner was not time-barred because of the defect in the papers and that " proceedings pursuant to article 78 of the CPLR are interposed when the notice of petition and the petition are served upon the respondent." (*Board of Trustees, supra,* p. 241).

A similar situation in which multiple service is required for jurisdiction over the defendant and in which the courts have held that the claim is interposed for purposes of tolling the statute although service may not be complete is found with respect to service of process on nonresident motorists (see *Sadek* v. *Stewart,* 38 A D 2d 655). Another analogy is provided by subdivision (b) of CPLR 203 which provides that a claim " is interposed against the defendant or a co-defendant united in interest with him when: 1. the summons is served upon the defendant ". Under this provision, service on one defendant tolls the Statute of Limitations as to both of two defendants united in interest, so that service upon the other defendant after the period of limitations has otherwise expired, is timely. The respondent Commissioner and the Attorney-General are not technically united in interest in the manner elaborated in *Prudential Ins. Co. of Amer.* v. *Stone* (270 N. Y. 154, 159). Nevertheless, both represent departments of the State government and they stand in such a relationship that proper service upon one stops the running of the period of limitations for purposes of the statute.

The statute was amended to insure a timely defense by the State as to claims against it by requiring service on the Attorney-General. The change was not intended to be an impediment to petitioners (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.05a).

The judgment should be reversed and the petition reinstated.

GOLDMAN, P. J., DEL VECCHIO, MOULE and CARDAMONE, JJ., concur.

Judgment unanimously reversed with costs and petition reinstated.