■ SHELBY WHITE, Appellant, v WILLIAM E. GUARENTE et al., Defendants, and ARTHUR ANDERSEN & Co., Respondent.—Order and judgment, Supreme Court, New York County, entered on January 29 and February 4, 1976, respectively, unanimously affirmed for the reasons stated by Korn, J., at Special Term. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Concur—Birns, Nunez and Yesawich, JJ.; Kupferman, J. P., and Capozzoli, J., concur in the result in the following memorandum by Kupferman, J. P.: I concur in the result only. The matter of whether a limited partner is in privity with the partnership's accounting firm is not currently free from doubt. (Cf. *Ernst & Ernst v Hochfelder,* 425 US 185, 192, f 9; *Lichtyger v Franchard Corp.,* 18 NY2d 528, and *Ultramares Corp. v Touche,* 255 NY 170, do not foreclose the issue.) While the limited partner has no voice in management, and the liability is limited, there is no corporate veil to pierce.

■ In the Matter of ANNIE E. CRAWFORD, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered September 17, 1975, is unanimously affirmed, without costs and without disbursements, on the opinion of Mangan, J. at Special Term. We add that the few days default by respondents in the service of the notice of motion to dismiss the petition (served three days before the date of hearing rather than five days before the date noticed for hearing as required by CPLR 7804, subds [c] and [f]) was a mere irregularity which Special Term could disregard under CPLR 2001, or Special Term could extend respondents' time under CPLR 2004; and the Special Term's granting respondents' motion implicitly granted this relief too. Concur—Markewich, J. P., Lupiano, Silverman, Lane and Nunez, JJ.