■ In the Matter of JOHN MARMO, Appellant, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.—In a proceeding pursuant to CPLR article 78, to review a determination of the respondent, dated January 10, 1985, which, *inter alia*, found the petitioner in violation of ECL 15-0505 and 25-0401 with respect to the destruction of certain intertidal marsh, and assessed a civil penalty of $5,000, the petitioner appeals from an order of the Supreme Court, Nassau County (Molloy, J.), entered February 26, 1986, which denied the petitioner's motion for leave to serve a notice of petition and petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitioner's motion is granted, the notice of petition and petition are deemed served, and the matter is remitted to the Supreme Court, Nassau County, to afford the respondent the opportunity to serve and file answer (see, CPLR 7804 [f]). The respondent shall serve and file its answer within 20 days after service upon it of a copy of this decision and order, with notice of entry.

The petitioner timely commenced this CPLR article 78 proceeding by service of papers upon the Department of Environmental Conservation (see, ECL 25-0404; General Construction Law § 25-a). The papers served were denominated, respectively, as a notice of motion, and affidavit and an affirmation, rather than as a notice of petition and petition. Subsequently, and after the expiration of the applicable Statute of Limitations (see, ECL 25-0404), papers in the corrected form of a notice of petition and petition were served upon the Attorney-General. While copies of these corrected papers were not delivered to the respondent, the validity of the method of service upon the Attorney-General is not challenged.

While the initial papers served upon the respondent were not properly denominated, they fulfilled the purposes of a notice of petition and petition, since they gave notice as to

what administrative action was being challenged, the events upon which the action was taken, the basis of the challenge, and the relief sought (see, CPLR 402, 3013, 3017, 7803, 7804). Furthermore, while service of papers must also be made upon the Attorney-General when the proceeding is against a State body or officer (see, CPLR 7804 [c]), the claim is deemed interposed when the papers are served on the State agency. The Statute of Limitations is then tolled for purposes of service upon the Attorney-General (see, Matter of Chem-Trol Pollution Servs. v Ingraham, 42 AD2d 192, lv denied 33 NY2d 516). Since the Attorney-General thereafter received the proper papers, service was complete (see, Matter of Chem-Trol Pollution Servs. v Ingraham, supra).

The respondent also challenges the fact that the "Notice of Motion" was served with only 17 days' notice, rather than the 20 days required by CPLR 7804 (c). While some cases have held that notice of less than 20 days was a jurisdictional defect (see, Matter of Dickerson v Jensen, 33 AD2d 890), the more recent view, of which we approve, is that short notice should be excused unless the error is substantial or it causes prejudice (see, Matter of Brown v Casier, 95 AD2d 574, 577; compare, Matter of Stream v Beisheim, 34 AD2d 329, 330-331 [notice given on the same day as the return date]; Matter of Crawford v Codd, 54 AD2d 878).

Hence, the above defects should be considered nonprejudicial irregularities. The petitioner should be allowed to litigate the proceeding on the merits, and the respondent should be given leave to serve and file an answer to the petition. Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.