■ In the Matter of RICHARD GRYSKA, Respondent, v CHEMUNG COUNTY ELMIRA SEWER DISTRICT, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered September 19, 1988 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination terminating his employment.

In June 1981, petitioner was hired by respondent as a sewer treatment plant operator. Petitioner received warnings about absenteeism in 1985 and 1986. Additionally, on November 30, 1987 petitioner received a letter of reprimand regarding an unauthorized absence on November 24, 1987. Petitioner's explanation based upon painful physical problems was rejected and the letter was made part of his record. On December 4, 1987 petitioner telephoned his supervisor to inform him that he was very ill, bleeding from the rectum and unable to work on December 5, his next scheduled work day. On Monday, December 7, 1987, petitioner was admitted to the hospital with severe rectal bleeding and a colonoscopy was performed three days later.

On December 15, 1987, petitioner received a letter from respondent charging him with being "absent from work with-

out permission on Dec. 5th, 6th, and 7th", suspending him without pay and advising him of his right to elect either a grievance procedure or a hearing pursuant to Civil Service Law § 75. After determining that petitioner's request for grievance arbitration was untimely, respondent appointed an Assistant County Attorney as a Hearing Officer and proceeded with the hearing. The Hearing Officer concluded that petitioner was guilty of excessive absenteeism and recommended that his employment be terminated. On March 1, 1988, respondent passed a resolution terminating petitioner's employment. Petitioner commenced this CPLR article 78 proceeding to review respondent's administrative action.[1] Supreme Court remanded the matter for consideration of a lesser penalty.[2] This appeal by respondent ensued.

Respondent contends that the penalty of termination was proper and therefore it should not have been annulled. It is well settled that an administrative penalty is properly struck down when it is so disproportionate to the offense as to shock one's sense of fairness (see, e.g., Matter of Pell v Board of Educ., 34 NY2d 222, 233). Here, while there is evidence in the record that petitioner was issued three warning letters relating to absenteeism, one each in 1985, 1986 and 1987, it is nevertheless true that he was suspended from employment, charged with misconduct and terminated only for being absent without leave on December 5, 6 and 7, 1987.[3] At the hearing, petitioner presented compelling evidence in the form of written statements from his treating physicians and the hospital attesting to his in-patient care from December 7 through December 12, 1987, including his colonoscopy on December 10, 1987. There was further evidence that petitioner

---

1. The record indicates that petitioner commenced this proceeding by service of a notice of petition and affidavits but no verified petition despite the requirement for such in CPLR 7804 (d). Since petitioner's affidavit can be read to fulfill the objectives of a verified petition and respondent has not objected to this omission, we shall exercise our authority and treat petitioner's affidavit as a verified petition to annul the determination terminating his employment (see, e.g., Matter of Marmo v Department of Envtl. Conservation, 134 AD2d 260, 260-261).

2. Although not specifically reflected in the judgment, it is apparent that Supreme Court intended to grant the petition, annul respondent's determination insofar as it terminated petitioner's employment, and remand for immediate consideration of a new penalty. We treat the judgment as so providing.

3. The charge against petitioner was limited to his absences on December 5, 6 and 7, 1987 since the statement of charges was drawn specifically "[r]egardless" of any previous transgressions.

made efforts to advise his superiors of his condition. Under these circumstances, we agree with Supreme Court that termination of petitioner's employment was an excessive punishment and that respondent should impose a lesser penalty.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.