■ In the Matter of NED LEBOW et al., Appellants, et al., Petitioners, v VILLAGE OF LANSING PLANNING BOARD, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered October 11, 1988 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time barred.

On July 1, 1988, respondent filed an environmental findings statement and preliminary plat approval for a proposed subdivision located within the Village of Lansing, Tompkins County. Petitioners, who own property in the vicinity of the proposed subdivision, sought to commence this CPLR article 78 proceeding challenging the adequacy of the environmental review and seeking to invalidate the preliminary plat approval by service of a "Notice of Petition" and "Notice Pursuant to C.P.L.R. 304 and 305(b)" on July 29, 1988. On August 15, 1988, respondent moved to dismiss the proceeding as time barred. Supreme Court granted the motion, and this appeal by

petitioners Ned Lebow, Robert Nevin and Jerome Nosanchuk (hereinafter collectively referred to as petitioners) ensued.

We affirm. Village Law § 7-740 provides that a proceeding seeking review of a planning board decision must be commenced within 30 days after the decision is filed in the office of the planning board. The procedural format is as set forth in CPLR article 78. It is petitioners' contention that the filing of a notice of petition and notice on July 29, 1988 satisfied this commencement deadline. We disagree. An article 78 proceeding is commenced with the service of a "notice of petition, together with the petition and affidavits specified in the notice" (CPLR 7804 [c]). A verified petition is required to establish a jurisdictional predicate for the proceeding (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C403:1, at 495; CPLR C7804:3, at 505). The attached "notice" cannot be read to fulfill this objective (cf., Matter of Gryska v Chemung County Elmira Sewer Dist., 149 AD2d 849, 850, n 1). Petitioners' analogy to the alternative format set forth in CPLR 305 (b) for commencement of an action via service of a summons with notice is simply inapposite here. We further note that an action may not be commenced with the service of a bare summons (see, Parker v Mack, 61 NY2d 114). Consequently, in the absence of an accompanying petition, petitioners' papers are jurisdictionally deficient.

Petitioners alternatively maintain that the proceeding is governed by the four-month limitations period set forth in CPLR 217. Since the petition was subsequently served on August 26, 1988—albeit returned by respondent as untimely—petitioners urge that the proceeding was commenced within the controlling four-month period. This contention is not persuasive. CPLR 217 specifically defers to any statute requiring the commencement of a particular article 78 proceeding within a shorter limitations period (see, Siegel, NY Prac § 566, at 794). Since the focus of petitioners' challenge is on respondent's approval of a preliminary plat for the subdivision, and not simply the underlying environmental assessment, the 30-day limitations period established by Village Law § 7-740 controls (see, Matter of Save the Pine Bush v Planning Bd., 83 AD2d 698, lv denied 54 NY2d 610; Ecology Action v Van Cort, 99 Misc 2d 664, 668-671). The environmental determination, by itself, was not determinative of the subdivision application.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.