■ In the Matter of ELLEN SHUMSKY, Appellant, v NEW YORK CITY LOFT BOARD, Respondent. [596 NYS2d 21] —Order, Supreme Court, New York County (Burton S. Sherman, J.), entered April 16, 1991, which granted the cross-motion to dismiss the petition, unanimously reversed, on the law, and the petition reinstated, without costs.

The primary issue on this appeal is whether, under CPLR former 203 (b) (5), petitioner's filing with the County Clerk, on January 11, 1991, of a notice of petition brought pursuant to CPLR article 78 was sufficient to interpose the claim so as to render petitioner's subsequent service of the petition itself upon respondent within 60 days timely.

It is clear that at the time of this proceeding, the 60 day extension provided for in CPLR former 203 (b) (5) applied to article 78 proceedings *(Matter of Laureano v Grimes,* 179 AD2d 602, 603). In this case, we find that the notice of petition, which clearly described the administrative action which was contested, the grounds upon which redress was sought and the requested relief, was, for the purposes herein, the functional equivalent of a petition *(see, Matter of Gryska v Chemung County Elmira Sewer Dist.,* 149 AD2d 849, 850, n 1, citing *Matter of Marmo v Department of Envtl. Conservation,* 134 AD2d 260, 260-261). It therefore constituted appropriate process sufficient to satisfy the requirements of CPLR former 203 (b) (5) *(cf., Matter of Long Is. Citizens Campaign v County of Nassau,* 165 AD2d 52). The order dismissing the petition as untimely should therefore be reversed. Concur—Ellerin, J. P., Kupferman, Ross and Kassal, JJ.