■ In the Matter of DECLAN TROY, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents. [627 NYS2d 798] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Spain, J.), entered February 15, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Commissioner of Education to dismiss the petition as untimely.

The issue on this appeal is whether timely service on the head of a State agency whose ruling is being challenged within the statutory period of limitation tolls the statutory period of limitation for service on the Attorney-General pursuant to CPLR 7804 (c).

Petitioner, an elementary school teacher employed by respondent Board of Education of the Pleasantville Union Free School District (hereinafter the Board) was terminated from his employment on January 23, 1992 after a disciplinary proceeding. On May 21, 1992, petitioner brought this CPLR article 78 proceeding to annul the determination of respondent Commissioner of Education and sought reinstatement to his position as a teacher by serving a petition and notice of petition on each of the respondents on the same date. Service upon the Attorney-General was made on October 16, 1992, approximately 4¹/₂ months later.

On September 16, 1992, the Commissioner moved to dismiss the petition pursuant to CPLR 7804 (f); 3211 (a) (5) and (8) on the grounds that the proceeding had not been commenced within the four-month Statute of Limitations and that, in failing to serve the Attorney-General in timely fashion, personal jurisdiction had not been obtained over the Commissioner. Supreme Court granted the motion and dismissed the petition. This appeal by petitioner ensued.

In *Matter of Chem-Trol Pollution Servs. v Ingraham* (42 AD2d 192, *lv denied* 33 NY2d 516), the Fourth Department held that service of an order to show cause on the Commissioner of Health prior to expiration of the four-month Statute of Limitations tolled the statute, even though service was not complete until the Attorney-General was served. The Second Department has found to the same effect (*see, Matter of Marmo v Department of Envtl. Conservation*, 134 AD2d 260).

In a related setting, this Court in *Matter of Schanbarger v New York State Commr. of Social Servs.* (99 AD2d 621, 622, *lv dismissed* 62 NY2d 604), citing to *Matter of Chem-Trol Pollution Servs. v Ingraham (supra)*, held that failure to serve the Attorney-General was not a ground for dismissal of the proceeding where the Commissioner of Social Services was properly and timely served, and was to be considered a timely commencement for purposes of a later recommencement of the proceeding under CPLR 205 (a).

Here, we conclude that a toll of the Statute of Limitations occurred when service was completed upon the Commissioner of Education. We concur with the reasoning espoused in *Matter of Chem-Trol Pollution Servs. v Ingraham (supra)* that CPLR 7804 (c) was amended to insure a timely defense by the State as to claims against it by requiring service on the Attorney-General. The change was not intended to be an impediment to petitioners, who had timely served the true parties in interest. We note, too, that the Commissioner was at all times represented by attorneys for the Department of Education and the Attorney-General did not participate in the underlying proceeding. The late service on the Attorney-General did not in any manner impede the defense of the action by the State.

Respondents argue that Supreme Court lacked jurisdiction over the proceedings because proof of service on the Attorney-General was not produced. We reject this contention. The record discloses that the Attorney-General was served. Respondents also claim that petitioner's failure to file proof of service of the petition on the Attorney-General within 30 days pursuant to CPLR former 306-a (a) results in a lack of jurisdiction over the matter. Although such failure is error, it does not require dismissal of the petition which could have been remedied by CPLR former 306-a (c).

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.