◼ In the Matter of PETER GRASSIA, Petitioner, v FRANK TRACY, as Deputy Superintendent of Administration at Shawangunk Correctional Facility, et al., Respondents. [649 NYS2d 489] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

The order to show cause issued in this case required service on respondents and the Attorney-General by mail with return receipt requested. Petitioner's request for the postage needed to effectuate service was denied because petitioner already had an outstanding balance. Supreme Court notified petitioner that the proceeding would be dismissed unless it received proof of service. Via a memorandum, respondents then informed Supreme Court that they had "received proper notification of [the] action" and "hope[d] * * * this * * * will satisfy the court". The Attorney-General, however, then informed the court that respondents had not in fact received all of petitioner's papers and that the Attorney-General had not received a signed copy of the order to show cause. The Attorney-General then requested that a new order to show cause be issued. Supreme Court, relying on respondents' memorandum admitting service, obviated the requirement that petitioner submit proof of service and directed respondents to answer. Based on the memorandum, the court assumed that the Attorney-General had also received a copy of the order to show cause. Respondents answered and again raised the objection that the Attorney-General had never been served. Supreme Court transferred the proceeding to this Court.

In our view, given the circumstances of this case, Supreme Court properly refused to dismiss the proceeding. Failure of an

inmate to satisfy the service requirements set forth in an order to show cause requires dismissal unless it is shown that imprisonment presented obstacles beyond the inmate's control (*see, Matter of Gittens v Selsky*, 193 AD2d 986). Here, a somewhat different scenario is presented. Respondents refused to give petitioner the funds needed to effectuate service. Instead, and in order to satisfy the requirement that they be served, they admitted service. Supreme Court accepted respondents' memorandum as proof of service. It is true that there is no evidence in the record that the Attorney-General was actually served as required by CPLR 7804 (c). However, the Attorney-General was not a party to the proceeding but only respondents' counsel. As we have noted, the requirement of service on the Attorney-General in proceedings of this nature is "to insure a timely defense by the State as to claims against it" (*Matter of Troy v Sobol*, 216 AD2d 661, 662). The true parties in interest admitted service and were at all times represented by the Attorney-General. Although apparently not properly served with the signed order to show cause, the Attorney-General did receive papers in the proceeding and participated from the beginning. Although the failure to serve was error, it did not require dismissal of the petition (*cf., Matter of Cepeda v Murray*, 228 AD2d 749).

Turning to the substantive issues raised by petitioner, we first reject his contention that the misbehavior report and the hearing did not comply with regulatory requirements. In addition, we note that these arguments were not preserved for review because they were not raised at the administrative level (*see, Matter of Bates v Coughlin*, 145 AD2d 854, *lv denied* 74 NY2d 602). There is also no merit to his claim that the Hearing Officer was biased or partial. Finally, the misbehavior report combined with the evidence and the testimony presented at the hearing provide substantial evidence to support the finding that petitioner was guilty of the charges filed against him (*see, Matter of Patsalos v Coombe*, 228 AD2d 984). Petitioner's remaining arguments have been considered and rejected as lacking in merit.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.