In the Matter of Concetta T. Cerame Irrevocable Family Trust et al., Respondents, v Town of Perinton Zoning Board of Appeals et al., Appellants. [811 NYS2d 852]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered December 16, 2004. The judgment, inter alia, adjudged that petitioners are entitled to a negative declaration of environmental significance with respect to their application to establish a revised final grade for a proposed berm on their property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondents appeal from a judgment that, inter alia, adjudged that petitioners are entitled to a negative declaration of environmental significance with respect to their application to establish a revised final grade for a proposed berm on their property.

As we noted in our decision when this matter previously was before us (*Matter of Concetta T. Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals,* 6 AD3d 1091 [2004]), petitioners applied to respondent Town of Perinton (Town) for a permit to build a 2,500-foot berm and noise barrier where their property adjoins an interstate highway. The Town's Commissioner of Public Works (Commissioner) had denied the application without prejudice on the ground that additional information was required, and respondent Town of Perinton Zoning Board of Appeals (ZBA) affirmed the Commissioner's decision, whereupon petitioners commenced a CPLR article 78 proceeding. As we further noted in our prior decision, "Supreme Court granted the petition to the extent of remitting the application for a de novo determination by the ZBA and limiting the factors that the ZBA could consider in making its de novo determination" (*id.*). We modified the judgment by vacating the court's directive concerning which facts the ZBA could consider on remittal on the ground that the court had thereby exceeded its authority (*id.* at 1092).

On remittal, the ZBA again denied the application without prejudice and requested specific additional information from petitioners. Petitioners then commenced the instant hybrid CPLR article 78 proceeding/declaratory judgment action, and Supreme Court granted declaratory relief and ordered the Town to issue a negative declaration of environmental significance and to approve petitioners' application to establish a revised final grade.

We note at the outset that respondents are correct that the court erred in granting declaratory relief because the proper procedural vehicle for challenging an administrative determination is a proceeding pursuant to CPLR article 78 (*see generally Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.,* 62 NY2d 763, 765 [1984]).

With respect to the merits, respondents contend that the ZBA's determination to deny petitioners' application without prejudice was neither arbitrary nor capricious. We agree, and thus conclude that the court erred in failing to dismiss the petition. We note, however, that any future application by petitioners need not include the information requested in paragraph two, five and six of the ZBA's decision letter dated June 30, 2004.

With respect to paragraph two of the decision letter, stating that "[a] letter of credit will be required to cover potential damage to the Town Roads," we agree with petitioners that a letter of credit to cover potential damage to Town roads is not a rele-

vant criterion for determining whether the proposed action may have a significant adverse impact on the environment (*see generally* 6 NYCRR 617.7 [c]).

With respect to paragraph five of the decision letter, seeking "a satisfactory landscaping plan for the proposed berm, and a compaction plan as identified by Larsen Engineers and our Commissioner of Public Works," we conclude that the request for those plans by the ZBA was arbitrary and capricious. The concerns of the ZBA with respect to landscaping and compaction are related to the aesthetics of the property, and we conclude that the information provided by petitioners, including a proposed berm plan that addresses, inter alia, erosion control measures and provides a plan for temporary and permanent seeding, is sufficient to enable the ZBA to determine whether the berm may have a significant negative aesthetic impact (*see generally* 6 NYCRR 617.7 [c] [1] [v]).

Finally, with respect to paragraph six of the decision letter, requiring petitioners to "have a licensed engineer certify that all of the fill use is 'clean fill' so that we can ensure that no solid waste, construction debris, demolition debris, or hazardous fill is dumped on site as part of the berm," we conclude that such certification is not necessary to enable the ZBA to make a determination of environmental significance. In any event, we further note that the ZBA may, in this unlisted action, condition its negative declaration upon the requirement that the fill be free of material that would cause a significant adverse effect on the environment, provided that, inter alia, petitioners have completed a full environmental assessment form (*see* 6 NYCRR 617.7 [d] [1]). Present—Pigott, Jr., P.J., Martoche, Smith, Pine and Hayes, JJ.