In the Matter of CITIZENS AGAINST SPRAWL-MART, by LEO F. ALCURI et al., Appellants, v CITY OF NIAGARA FALLS et al., Respondents. [827 NYS2d 803]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered March 20, 2006. The judgment, inter alia, granted the motions of defendants-respondents for leave to renew their motions to dismiss the petition and, upon renewal, dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs-petitioners (petitioners) commenced this hybrid action/CPLR article 78 proceeding seeking, inter alia, the annulment of various actions of the municipal defendants-respondents in approving the development of a 53-acre parcel in defendant-respondent City of Niagara Falls as a retail shopping center. We note at the outset that this is properly only a CPLR article 78 proceeding, because the relief sought by petitioners is obtainable under CPLR article 78 and is not available by way of the declaration and injunction also sought by petitioners (*see Matter of Concetta T. Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals*, 27 AD3d 1191, 1192 [2006], citing *Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 62 NY2d 763, 765 [1984]).

We conclude that, upon granting the respective motions of defendants-respondents (respondents) for leave to renew their motions seeking dismissal of the petition, Supreme Court properly dismissed the petition insofar as petitioners challenge the October 2005 determinations of defendants-respondents Planning Board and Zoning Board of Appeals (ZBA). The proceeding with respect to those challenges was neither properly nor timely commenced (*see generally Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 158 [2006]; *Matter of Gershel v Porr*, 89 NY2d 327, 330-331 [1996]; *Matter of American Tr. Ins. Co. [Lewis]*, 157 Misc 2d 730, 733 [1993]). Pursuant to CPLR 304, an "action is commenced by filing a summons and complaint or summons with notice," while a "special proceeding is commenced by filing a petition." Here, petitioners filed a summons with notice and thus did not properly commence a special proceeding (*see Matter of Lebow v Village of Lansing Planning Bd.*, 151 AD2d 865, 866 [1989]). The summons with notice "cannot be deemed the functional equivalent of a petition itself since it contains only the relief requested without any supporting facts" (*Matter of Long Is. Citizens Campaign v County of Nassau*, 165 AD2d 52, 57 [1991]; *see Lebow*, 151 AD2d at 866; *see generally* CPLR 402, 7804 [d]). In addition, with respect to the challenges to the October 2005 determinations of the Planning Board and the ZBA, the proceeding was not commenced within the requisite 30 days (*see* General City Law § 27-a [11]; § 27-b [9]; §§ 38, 81-c [1]; *Matter of Ziemba v City of Troy*, 295 AD2d 693, 694 [2002]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763-764 [2000]).

However, because the petition was filed within the four-month period governing such challenges, we conclude that the proceeding was properly and timely commenced to the extent that petitioners challenge defendant-respondent City Council's

reenactment of the zoning amendments (*see* CPLR 217; *see also Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 316-317 [2006]; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 203 [1987]). We thus consider the merits of petitioners' challenges to the zoning amendments and, upon our review thereof, we conclude that there was no violation of the State Environmental Quality Review Act ([SEQRA] ECL art 8) in connection with the Planning Board's review of the environmental impacts of the zoning amendments. We thus conclude that, upon granting the motions of respondents for leave to renew, the court properly dismissed the petition in its entirety.

Contrary to petitioners' contention, it was proper for the Planning Board to be designated as the lead agency for purposes of SEQRA review of the specific impacts of the project as well as the more general impacts of the zoning amendments under consideration by the City Council (*see Matter of Schodack Concerned Citizens v Town Bd. of Town of Schodack*, 148 AD2d 130, 133-134 [1989], *lv denied* 75 NY2d 701 [1989]). "The entire set of activities or steps must be considered the action" (6 NYCRR 617.3 [g]), and the Planning Board properly conducted a coordinated review of the action (*see Matter of Town of Coeymans v City of Albany*, 284 AD2d 830, 834 [2001], *lv denied* 97 NY2d 602 [2001]; *see also Schodack Concerned Citizens*, 148 AD2d at 133-134). Indeed, under the circumstances of this case, the City Council would have engaged in improper segmentation if it had conducted its own review of the environmental impacts of the proposed zoning amendments (*see* 6 NYCRR 617.3 [g]; *see generally Matter of Forman v Trustees of State Univ. of N.Y.*, 303 AD2d 1019, 1019-1020 [2003]).

Contrary to petitioners' further contention, the record establishes that the Planning Board took the requisite hard look at the environmental effects, if any, of the zoning amendments and made a reasoned elaboration of the basis for the negative declaration (*see Matter of Kahn v Pasnik*, 90 NY2d 569, 574 [1997]; *Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). We note in particular that the amendments have little substantive effect and that intensive commercial uses previously were permitted in the affected zone (*see Gernatt Asphalt Prods.*, 87 NY2d at 688).

We have considered petitioners' remaining challenges to the City Council's reenactment of the zoning amendments and conclude that they are without merit (*see* General Municipal Law § 239-m [2], [3]; *Matter of Fleckenstein v Town of Porter*,

309 AD2d 1188 [2003], *lv denied* 1 NY3d 509 [2004]; *see also* General City Law § 28-a [12] [a]; *Gernatt Asphalt Prods.*, 87 NY2d at 684-685). Present—Hurlbutt, J.P., Gorski, Centra and Green, JJ.