◾ In the Matter of ANDREW LAVIN, Appellant, v JAMES H. LAWRENCE et al., Respondents. [862 NYS2d 603]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Civil Service Commission dated August 8, 2006, disqualifying the petitioner from a position as a Nassau County Police Officer, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), dated May 3, 2007, which denied the petition and dismissed the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

The petitioner correctly contends that counsel's failure to annex a statement pursuant to 22 NYCRR 130-1.1a, and the service of the petition 17 days before the return date instead of the 20 days required under CPLR 7804 (c) are mere irregularities that do not require dismissal of the proceeding (*see Matter of Crawford v Codd,* 54 AD2d 878 [1976]; *Matter of Griswald v Village of Penn Yan,* 244 AD2d 950 [1997]).

Nevertheless, the proceeding must be dismissed as time-barred pursuant to CPLR 217 (1). Contrary to the petitioner's contention, the determination of the Nassau County Civil Service Commission (hereinafter the Commission) became final and binding upon him on August 22, 2006, at the latest, when the petitioner's counsel received a letter from the Commission advising counsel that it had reviewed the petitioner's submissions in response to the original disqualification notice and adhered to that earlier determination.

The petitioner's request for additional time to take an administrative appeal and the Commission's review of the letters of recommendation sent by the petitioner did not act to toll the statute of limitations (*see Matter of Rapoli v Village of Red Hook,* 29 AD3d 1007 [2006]; *Matter of Pronti v Albany Law School of Union Univ.,* 301 AD2d 841 [2003]). Consequently, the filing of this CPLR article 78 proceeding on January 4, 2007, was untimely. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.