■ BARBARA PENNINGTON, Appellant, v DA NICO RESTAURANT, Respondent, et al., Defendants. [1 NYS3d 26]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 10, 2013, which, in this action for personal injuries, granted the motion of defendant Da Nico Restaurant (Da Nico) to dismiss the complaint as against it, and denied plaintiff's cross motion for an extension of time to effect service on Da Nico, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the motion to dismiss granted, unless, within 120 days from the date of entry of this order, plaintiff effects proper service on Da Nico, and plaintiff's cross motion to extend her time to serve granted as indicated.

Plaintiff's cross motion for an extension of time to serve Da Nico with the summons and complaint, pursuant to CPLR 306-b, should be granted in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). The absence of due diligence on plaintiff's part is mitigated by the facts that Da Nico had timely notice of the claim; Da Nico had been timely, albeit defectively, served; plaintiff had communicated with Da Nico's insurer and provided the insurer with copies of relevant medical records; there was no prejudice

to Da Nico; and the statute of limitations had expired since the commencement of the action (*see Nicodene v Byblos Rest., Inc.*, 98 AD3d 445 [1st Dept 2012]; *Woods v M.B.D. Community Hous. Corp.*, 90 AD3d 430 [1st Dept 2011]; *Spath v Zack*, 36 AD3d 410, 413-414 [1st Dept 2007]). Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.