Matter of Levine v Suffolk County Dept. of Social Servs. (2018 NY Slip Op 06242)





Matter of Levine v Suffolk County Dept. of Social Servs.


2018 NY Slip Op 06242


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-07931
 (Index No. 1203/16)

[*1]In the Matter of Julie Levine, appellant, 
v
Suffolk County Department of Social Services, et al., respondents.


The Law Office of Fred Lichtmacher P.C., New York, NY, for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Elaine M. Barraga of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated April 4, 2017. The order and judgment granted the motion of the Suffolk County Department of Social Services and the County of Suffolk pursuant to CPLR 3211(a)(7) and (8) to dismiss the proceeding and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is reversed, on the law, with costs, and the motion of the Suffolk County Department of Social Services and the County of Suffolk pursuant to CPLR 3211(a)(7) and (8) to dismiss the proceeding is denied.
The petitioner was the chief executive officer of the Long Island Women's Empowerment Network (hereinafter LIWEN), which operated a temporary housing shelter in Brentwood starting in 2013. The Suffolk County Department of Social Services (hereinafter the DSS) paid LIWEN a per diem rate for operating the shelter, which included the petitioner's salary and the cost of her fringe benefits.
In 2015, the DSS became aware that the petitioner had criminal convictions for drug-related offenses. On October 2, 2015, the DSS screening review committee determined that, due to the nature of the petitioner's criminal offenses, her continued employment would involve an unreasonable risk to the safety or welfare of the shelter's residents. The DSS terminated the petitioner's employment and reduced LIWEN's per diem payments by the amount of the petitioner's salary and fringe benefits.
The petitioner sought to commence a CPLR article 78 proceeding against the DSS and the County of Suffolk (hereinafter together the County) to review the determination to terminate her employment and to reinstate her to her former position with back pay. She filed papers with the Suffolk County Clerk that included a notice of petition, her attorney's affirmation, and her affidavit. Those papers were served on the County.
The County moved pursuant to CPLR 3211(a)(7) and (8) to dismiss the proceeding. [*2]The County contended that the petitioner's papers were jurisdictionally defective because they did not include a verified petition and that there was no personal jurisdiction over the County because the petitioner did not serve a verified petition. The Supreme Court granted the County's motion and, in effect, dismissed the proceeding. The petitioner appeals, and we reverse.
A verified petition is required to establish a jurisdictional predicate for a special proceeding (see CPLR 304[a]; 7804[c], [d]; Matter of Lebow v Village of Lansing Planning Bd., 151 AD2d 865). CPLR 304(a) provides that "[a] special proceeding is commenced by filing a petition." CPLR 7804(c) provides that "a notice of petition, together with the petition and affidavits specified in the notice, shall be served on any adverse party at least twenty days before the time at which the petition is noticed to be heard." However, a document that is not denominated a verified petition may satisfy CPLR 304 and 7804 if it is the functional equivalent of a verified petition (see Matter of Shumsky v New York City Loft Bd., 192 AD2d 350, 351).
Here, none of the papers filed and served by the petitioner was denominated a verified petition. However, the petitioner's papers, particularly her affidavit and the affirmation of her attorney, gave notice as to what administrative action was being challenged, the events upon which the action was taken, the basis of the challenge, and the relief sought (see id. at 351; Matter of Marmo v Department of Envtl. Conservation, 134 AD2d 260, 260-261; cf. Matter of Long Is. Citizens Campaign v County of Nassau, 165 AD2d 52, 57). Therefore, the papers fulfilled the purposes of a verified petition and were the functional equivalent of a verified petition (see Matter of Shumsky v New York City Loft Bd., 192 AD2d at 351; Matter of Gryska v Chemung County Elmira Sewer Dist., 149 AD2d 849, 849 n 1; Matter of Marmo v Department of Envtl. Conservation, 134 AD2d at 260-261). Accordingly, the Supreme Court should have denied the County's motion to dismiss.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court