Matter of A.V. v A.B. (2021 NY Slip Op 03156)





Matter of A.V. v A.B.


2021 NY Slip Op 03156


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 156923/17 Appeal No. 13239 Case No. 2020-00901 

[*1]In the Matter of A.V., Petitioner-Appellant,
v
A.B., Respondent-Respondent.


Karlinsky LLC, Cornwall-on-Hudson (Martin E. Karlinsky of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Issac of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn Freed, J.), entered on or about December 4, 2018, which, sua sponte, dismissed the proceeding on the ground that petitioner's application to seal the court file and to permit the parties to proceed in the action pseudonymously was resolved by a prior order, entered on or about June 11, 2018, unanimously reversed, on the law and the facts and in the interest of justice, without costs, and the action reinstated, conditioned upon plaintiff's effectuation of proper service of the summons with notice, and the complaint bearing the parties' full names, within 30 days of entry of this order.
On August 2, 2017, Anastasia Vitkina filed a summons with notice, informing Albert Benalloul that she claimed causes of action against him for sexual battery, sexual assault, violations of the New York City Victims of Gender-Motivated Violence Protection Act, malicious prosecution, abuse of process, false imprisonment, intentional and negligent infliction of emotional distress, tortious interference with prospective business relationships, conversion, and defamation. These claims arose out of a relationship between the parties in which, Vitkina alleges, Benalloul was physically, sexually, verbally and emotionally abusive. Because of the nature of these claims, Vitkina applied to Supreme Court, shortly after she filed the summons, for an order directing that the parties be identified in the caption by their initials and directing the sealing of all documents in court. Vitkina made the application by order to show cause, attaching her proposed complaint to her attorney's affirmation in support of the application. Supreme Court signed the order to show cause, and directed that it, and the papers on which it was based, along with the summons and notice, be served on Benalloul. Vitkina subsequently filed an affidavit of service in which the process server swore that he personally served the "order to show cause" on Benalloul. The affidavit of service did not specifically state that the process server also served the supporting papers and summons with notice.
By order entered on or about June 11, 2018, Supreme Court denied petitioner's order to show cause to seal the court file and to proceed pseudonymously, finding that petitioner had failed to establish good cause for such relief. Vitkina timely filed a notice of appeal of the June 11 order, but has not perfected the appeal, which is now deemed dismissed (see 22 NYCRR 1250.10[a]). On November 29, 2018, Vitkina electronically filed a summons and complaint in which the caption contained the parties' true names. On December 3, 2018, the court sua sponte scheduled a status conference, at which Benalloul's counsel argued to the law clerk (Justice Freed was not present in the courtroom) that there was no "status" to discuss, since the denial of the order to show cause constituted an end to the proceedings. Indeed, later that day the court issued an order stating that "this special [*2]proceeding . . . is resolved by [the June 11, 2018 order]" and checking the "case disposed" box.
Vitkina now claims on appeal that this was error, because she did not commence a special proceeding. In support of this argument, she points to the facts that she filed a summons with notice and attached a proposed complaint to her order to show cause, each of which denominated herself and Benalloul as "plaintiff" and "defendant," respectively. Vitkina claims that, had she meant to commence a special proceeding, she would have filed a petition, rather than a proposed complaint, and used "petitioner" and "respondent" to refer to the parties. In other words, Vitkina asserts that her papers initiating the litigation had all the hallmarks of an "action" as described in CPLR 304(a), as opposed to a "special proceeding." She further notes that, while the CPLR specifically authorizes or requires that certain types of relief be sought specifically through special proceedings (e.g., arising out of the decision of a "body or officer" pursuant to article 78 or an arbitrator pursuant to article 75), there is no such authorization for the type of relief sought herein.
Finally, to the extent we find that Vitkina did commence an action and that the disposition of her order to show cause did not mark the ending of the action, she asks this Court to confirm that the action was timely commenced. She asks us to hold that the action was commenced for statute of limitations purposes on August 2, 2017, when she filed her summons with notice. Alternatively, she asks us to apply CPLR 205(a) to the second summons and complaint she filed after this proceeding was dismissed. That section permits a party to recommence a timely commenced action within six months of its termination if the termination was not the result of certain enumerated reasons set forth in the statute.
Benalloul argues that we should not even consider Vitkina's appeal, because the December 3, 2018 order is unappealable, having been issued sua sponte and not as a result of a motion made on notice. He maintains that Vitkina should have moved to vacate the order, which, if such motion were denied, would have resulted in an appealable order. Benalloul further notes that Vitkina failed to seek leave from this Court to appeal. On the merits of the appeal, Benalloul disputes that Vitkina did not intend to commence a special proceeding, pointing to statements in the record that he characterizes as admissions by her to that fact.[FN1] He also asserts that whether a pleading constitutes a petition or a complaint is not determined by the nomenclature used, such as what the parties are called or what the pleading is named. To the extent Vitkina contends that she commenced an action, Benalloul argues that part of doing so would have been to confer jurisdiction over him, but that she could not have done so since she never served a complaint on him. He argues that his actual notice of the claims against him is insufficient to [*3]excuse adherence to the service rules and that, although he was served with the order to show cause, the order to show cause did not attach the summons with notice. Moreover, Benalloul asserts that, even if service had been effectuated, the process was defective insofar as the summons and proposed complaint only contained the parties' initials. He argues that this was a jurisdictional defect, rather than a mere irregularity that may be corrected or disregarded pursuant to CPLR 2001.
Preliminarily, we accept the December 3, 2018 order as an appealable order. Rather than a stand-alone, sua sponte, order, the order can be viewed as an amendment to the June 11, 2018 order, which is referenced in the December order. Indeed, the December order contains the same motion sequence number as the June order. Further, on the December order the "[motion] denied" box is checked, indicating reference back to the earlier order. We also reject Benalloul's argument that Vitkina's abandonment of her appeal from the June order precludes her appeal from the December order. That argument is based on Bray v Cox (38 NY2d 350, 353 [1976]), in which the Court of Appeals held that "a prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal." Here, the question presented on the abandoned appeal is different from the one presented on this appeal, since Vitkina does not challenge on the merits the court's denial of her request to proceed on a sealed file and with the parties' identities shielded from the public. Rather, she challenges the characterization of this litigation as a "special proceeding," which resulted in its dismissal. In any event, even if Vitkina's pursuit of this appeal is in violation of the rule in Bray, we are empowered to disregard that (Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999]).
On the merits, we find that the court erred in marking the matter disposed and dismissing the proceeding. It is abundantly evident that Vitkina intended to commence an action, insofar as she filed a summons with notice. While the fact that she used the terms "plaintiff" and "defendant" rather than "petitioner" and "respondent" may not be dispositive of what she meant to do, they are relevant, and the totality of the circumstances leads us to conclude that Vitkina did not intend to commence her action only after receiving a decision on her order to show cause. Certainly there is nothing in the record indicating that Vitkina meant her summons with notice or order to show cause to be the "functional equivalent of a petition" (Matter of Shumsky v New York City Loft Bd., 192 AD2d 350, 351 [1st Dept 1993]).
Based on the foregoing, Vitkina's request that we apply CPLR 205(a) is academic. However, to the extent there is a question about whether jurisdiction was properly conferred over Bellaloul, we exercise our authority in the interest of justice to extend her time to properly serve the summons [*4]with notice and complaint, and direct her to do so within 30 days of entry of this order (see Pennington v Da Nico Rest., 123 AD3d 627 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021



Footnotes

Footnote 1: For example, in letters to the motion court and to the Administrative Judge of Supreme Court, Vitkina's counsel pressed for a decision on the then long-extant order to show cause, asserting that she could not file a complaint until the application was determined.