1400 Ardel Constr. & Design Group, Inc. v VBG 990 AOA, LLC (2024 NY Slip Op 00122)

1400 Ardel Constr. & Design Group, Inc. v VBG 990 AOA, LLC

2024 NY Slip Op 00122

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 654671/21 Appeal No. 1400 Case No. 2023-00837 

[*1]1400 Ardel Construction & Design Group, Inc., Plaintiff-Appellant,
v
VBG 990 AOA, LLC, et al., Defendants-Respondents.

Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, New York (Katharine A. Fina of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Brett B. Theis of counsel), for respondents.

Order, Supreme Court, New York County (Robert Reed, J.), entered on or about January 4, 2023, which denied plaintiff's motion for an extension of time to serve the summons and complaint on surety defendant Atlantic Specialty Insurance Company, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff's motion for an extension of time to serve Atlantic with the summons and complaint should have been granted because plaintiff established the existence of several relevant factors weighing in favor of the extension (CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]). The eight-month delay in service that would have resulted from the grant of the extension was not so protracted to allow for an inference that Atlantic suffered prejudice from the delay (see Gjurashaj v ABM Indus. Group, LLC, 213 AD3d 479 [1st Dept 2023]). Moreover, although there is no record evidence that Atlantic was given actual or constructive notice of the claim, plaintiff aptly notes that any claim of prejudice is undercut by the fact that Atlantic, who posted a bond for the release of the mechanic's lien, knew there was a high likelihood of litigation involving it as defendant VBG's surety and had ample opportunity to investigate the claim (see Fernandez v McCarthy, 183 AD3d 539, 540 [1st Dept 2020]; Nicodene v Byblos Rest., Inc., 98 AD3d 445, 446 [1st Dept 2012]). The record further establishes the potential merits of the lien foreclosure claim, and because the statute of limitations has expired, the denial of the extension would bar plaintiff from litigating the otherwise timely filed claim against Atlantic (see id.; Pennington v Da Nico Rest., 123 AD3d 627, 627-628 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024