B.B. v Cosby (2026 NY Slip Op 00187)

B.B. v Cosby

2026 NY Slip Op 00187

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 952142/23|Appeal No. 5611-5612|Case No. 2025-02876, 2024-07377|

[*1]B.B., Plaintiff-Respondent,
vWilliam Cosby, Jr., et al., Defendants, The Carsey-Werner Company, LLC, Defendant-Appellant. 

Moses & Singer LLP, New York (Kimberly Y. Klein of counsel), for appellant.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about April 29, 2025, which, insofar as appealed from, denied defendant The Carsey-Werner Company, LLC's motion to dismiss the sixth cause of action against it for negligent hiring, retention, and supervision, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered November 14, 2024, which, insofar as appealed from, granted plaintiff's motion to extend the time to serve defendant The Carsey-Werner Company, LLC with process under CPLR 306-b in the interest of justice, unanimously affirmed, without costs.
This action, which was commenced pursuant to the Adult Survivors Act (ASA) (CPLR 214-j), arises from the alleged sexual abuse of plaintiff between 1985 and 1987 by defendant William Cosby, Jr., the star of the popular television show "The Cosby Show," which was produced by defendant The Carsey-Werner Company, LLC (CW).
It is undisputed that plaintiff did not successfully serve CW with process within 120 days of commencement of this action, as required by CPLR 306-b, because plaintiff's sole attempt at service during this period failed to comply with the statutory requirement under Limited Liability Company Law § 304 of filing an affidavit of compliance (see Flannery v General Motors Corp., 86 NY2d 771, 773 [1995]). The motion court, however, providently exercised its discretion in determining that an extension of the time to serve CW with process was warranted under CPLR 306-b in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-106 [2001]; Nunez-Ariza v Nell, 161 AD3d 614, 614-615 [1st Dept 2018]). Although plaintiff was not particularly diligent, either in attempting to serve CW or in the time it took to realize her service error, plaintiff did move for an extension within three weeks of her own independent discovery of her service error; the seven-month delay in service "was not so protracted to allow for an inference that [CW] suffered prejudice from the delay" (Ardel Constr. & Design Group, Inc. v VBG 990 AOA, LLC, 223 AD3d 451, 451-452 [1st Dept 2024]); CW was undisputedly aware of this litigation from mediation discussions; plaintiff's claims against CW were not clearly without merit; and "[t]he statute of limitations had expired, and granting plaintiff the opportunity to pursue [her] action is consistent with our strong interest in deciding cases on the merits where possible" (Hernandez v Abdul-Salaam, 93 AD3d 522 [1st Dept 2012]; see also Fernandez v McCarthy, 183 AD3d 539, 540 [1st Dept 2020]; Pennington v Da Nico Rest., 123 AD3d 627, 627-628 [1st Dept 2014]).
There is no categorical exception to CPLR 306-b's extension authorization for claims brought pursuant to the ASA. The ASA creates a one-year window for filing revived claims (which ended after this action was filed but before plaintiff moved to extend its time to serve CW with process), but it says nothing about the time for service with respect to such claims (see CPLR 214-j). The legislative history cited by CW likewise says nothing about the time for service (see Senate Introducer's Mem in Support of 2021 NY Senate Bill S66A). The ASA is therefore best understood as not intended to displace the existing rules for service in civil actions.
In view of our disposition of this issue, we need not reach the parties' arguments with respect to whether an extension was warranted for good cause shown. We also decline to consider CW's complaints about plaintiff's efforts to re-serve CW in November 2024, as these efforts post-date the order on appeal.
The motion court should, however, have granted CW's motion to dismiss the negligent hiring, retention, and supervision claim against it for failure to sufficiently allege proximate causation by pleading "a nexus between the actions or omissions of the employer and the harm the employee was able to inflict" (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 162 [2023]; Waterbury v New York City Ballet, Inc., 205 AD3d 154, 162-164 [1st Dept 2022]). Plaintiff did not allege that CW was responsible for introducing Cosby to plaintiff or fostering her relationship with him, that the sexual assaults took place at the subject television studio or on other CW premises, that Cosby used tangible CW property in the commission of his assaults, that plaintiff ever actually auditioned or worked for the show, visited the Studio, or met any CW employees (apart from Cosby), that CW had any other reason to know of plaintiff's existence, or that any CW-provided premises, property, or resources (including CW employees) were used to facilitate or cover up the assaults on plaintiff (cf. K.I. v New York City Bd. of Educ., 256 AD2d 189, 192 [1st Dept 1998]). Under these circumstances, Cosby's alleged assaults on plaintiff were "too attenuated from the employment relationship" to support holding CW liable (Moore, 40 NY3d at 162).
Plaintiff's alternative request for leave to amend must be denied, as plaintiff has not identified any additional, potentially outcome-changing facts that she would include in the amendment (see CPLR 3025[b]; Aponte v Town of Islip, 236 AD3d 424, 426 [1st Dept 2025]).
In view of our disposition of these issues, we need not reach the parties' arguments with respect to plaintiff's allegations of duty or of actual or constructive knowledge of Cosby's propensity to commit sexual assault.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026